## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DAVID LEE** | : | Case No. _____ |
| 9129 Bunnell Hill Road | : | |
| Dayton, Ohio 45458 | : | **Judge:** |
| | : | |
| **Plaintiff,** | : | **COMPLAINT** |
| | : | |
| v. | : | **(Jury Demand Endorsed Hereon)** |
| | : | |
| **THE CITY OF MORAINE FIRE** | : | |
| **DEPARTMENT** | : | |
| **SERVE: ANTHONY TRICK, FIRE CHIEF** | : | |
| 4747 South Dixie Drive | : | |
| Moraine, Ohio 45439 | : | |
| | : | |
| and | : | |
| | : | |
| **THE CITY OF MORAINE, OHIO** | : | |
| **SERVE: DAVID HICKS, CITY MANAGER** | : | |
| 4200 Dryden Road | : | |
| Moraine, Ohio 45439 | : | |
| | : | |
| and | : | |
| | : | |
| **MORAINE PROFESSIONAL** | : | |
| **FIREFIGHTERS ASSOCIATION, IAFF** | : | |
| **LOCAL 2981** | : | |
| **SERVE: MICHAEL HARRIS, PRESIDENT** | : | |
| 4747 South Dixie Drive | : | |
| Moraine, Ohio 45439 | : | |
| | : | |
| **Defendants.** | : | |

_____

**Parties**

1. Plaintiff David Lee is a citizen and resident of the State of Ohio, Warren County. He was born on May 17, 1968 and is presently forty-five years old.

2. Defendant City of Moraine Fire Department ("Moraine Fire Department") is a fire department organized and maintained by Defendant the City of Moraine, Ohio and conducts business principally in the State of Ohio, Montgomery County. Fire Chief Anthony Trick is the officer responsible for the administration of the department.

3. Defendant City of Moraine, Ohio, ("the City") is a municipal corporation and located in the State of Ohio, Montgomery County. City Manager David Hicks is the officer responsible for the administration of the municipal corporation.

4. Defendant Moraine Professional Firefighters Association, IAFF Local 2981, ("Moraine Firefighters' Union") is a labor organization that conducts business principally in the State of Ohio, Montgomery County. For all relevant times, Michael Harris was the President of the Moraine Firefighters' Union.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the first, second, and third causes of action pursuant to 28 U.S.C § 1331 because they arise under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and Title II of the Genetic Information Nondiscrimination Act, 42 U.S.C. §§ 2000ff et seq. ("GINA").

6. The Court has ancillary or supplemental jurisdiction over the state law violations averred in the first and third causes of action pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff was employed in this Division and District, all Defendants reside in this Division and District, and the unlawful conduct alleged in this Complaint took place within this Division and District.

8. Plaintiff has exhausted his administrative remedies, and he has received notice of his right to bring suit by the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was issued notice of his right to bring suit on his federal claims on April 19, 2013.

**Factual Allegations**

9. Plaintiff was employed by the Moraine Fire Department as a firefighter/paramedic beginning April 17, 1996. At all times relevant, Plaintiff was qualified for the position of firefighter/paramedic.

10. On April 1, 2011, the Moraine Fire Department revised Standard Operating Guideline 100.5.13 Health and Wellness Physical ("S.O.G. 100.5.13"), attached and incorporated herein as Exhibit A. Among other changes, S.O.G. 100.5.13 was revised to require firefighter/paramedics forty years of age and older to submit to a full medical examination consisting of: a Health Status and OSHA Respiratory Questionnaire; physical examination; blood tests including complete blood count, comprehensive metabolic panel, and lipid test; urinalysis; vision and audio examinations; pulmonary function test; electrocardiogram; stool guiac test; chest x-ray; Bruce Protocol stress test; prostate specific antigen test; tuberculosis test; and fitness assessments. Firefighter/paramedics over the age of forty were also asked questions about their family medical history as part of the medical examination.

11. Firefighter/paramedics under the age of forty were only required to complete the Health Status and OSHA Respiratory Questionnaire. Firefighter/paramedics under the age of forty

were not required to complete any additional testing unless so directed by the Moraine Fire Department physician.

12. Plaintiff was over the age of forty when S.O.G. 100.5.13 was revised.

13. The collective bargaining agreement between the Moraine Firefighters' Union and the City effective June 1, 2011 provides that the City may establish a program to monitor employee safety and health that complies with S.O.G. 100.5.13. See Moraine Fire Division Contract, Art. 10, § 5, attached and incorporated herein as Exhibit B.

14. On January 30, 2012, Plaintiff appeared for a physical examination and requested that he complete only the medical testing required for firefighter/paramedics under age forty. Plaintiff was told by the medical staff that Moraine Fire Department required a full physical examination for firefighter/paramedics over age forty. Plaintiff complained to the medical staff that requiring the full examination was illegal age discrimination and an unlawful request for his genetic information and family medical history. Plaintiff declined to allow the full examination to be performed on him. The same day, Plaintiff made oral and written complaints to Moraine Fire Department Deputy Fire Chief David Cooper.

15. Plaintiff met with Fire Chief Anthony Trick on February 2, 2012 and complained that the full medical examination requirement was illegal age discrimination and an unlawful request for his genetic information and family medical history. On February 8, 2012, Fire Chief Anthony Trick directed Plaintiff to complete the full physical examination within thirty days.

16. Plaintiff filed a charge of retaliation and discrimination based on age and genetic information with the EEOC on February 16, 2012. Plaintiff did not complete the full physical examination.

17. On March 9, 2012, Moraine City Manager David Hicks placed Plaintiff on administrative leave without pay. A disciplinary hearing was held on March 13, 2012. Plaintiff was terminated by City Manager David Hicks on March 28, 2012 for alleged insubordination related to his refusal to comply with the order to undergo the full medical examination.

**Plaintiff's First Cause of Action:**
**Wrongful Termination in Violation of R.C. 4112.02 and the Age Disrimination in Employment Act**
**(Age Discrimination)**

18. Plaintiff realleges paragraphs 1 - 17 as if fully rewritten herein.

19. Plaintiff is an employee as defined under the ADEA, 29 U.S.C. § 630(f), and R.C. 4112.01(A)(3).

20. Defendants the City of Moraine and the Moraine Fire Department are employers as defined under the ADEA, 29 U.S.C. § 630(b), and R.C. 4112.01(A)(2).

21. Defendant Moraine Firefighters' Union is a labor organization as defined under the ADEA, 29 U.S.C. § 630(d), and R.C. 4112.01(A)(4).

22. Defendants discriminated against Plaintiff by discharging and otherwise adversely impacting his compensation, terms, conditions, and privileges of employment, because of his age in violation of the ADEA, 29 U.S.C. § 623, and R.C. 4112.14 and 4112.99.

23. Specifically, Defendants established S.O.G. 100.5.13 as a term and condition of employment which, on its face, required Plaintiff to undergo invasive medical testing because he was over the age of forty.

24. Employees under the age of forty were not subject to the same invasive testing requirements as Plaintiff.

25. Plaintiff was treated less favorably than similarly-situated employees under the age of forty. He was subjected to different terms, conditions, and privileges of employment, including discipline and termination.

**Plaintiff's Second Cause of Action:**
**Wrongful Termination in Violation of the Genetic Information Nondiscrimination Act**
**(Genetic Discrimination)**

26. Plaintiff realleges paragraphs 1 - 25 as if fully rewritten herein.

27. Plaintiff is an employee as defined under the GINA, 42 U.S.C. § 2000ff(2)(A).

28. Defendants the City of Moraine and the Moraine Fire Department are employers as defined under GINA, 42 U.S.C. § 2000ff(2)(B).

29. Defendant Moraine Firefighters' Union is a labor organization as defined under GINA, 42 U.S.C. § 2000ff(2)(C).

30. Defendants unlawfully requested Plaintiff's genetic information and family medical history in violation of GINA, 42 U.S.C. §§ 2000ff-1(b) and 2000ff-3(b).

31. Specifically, R.O.G. 100.5.13 required Plaintiff to submit to an invasive medical examination that would have provided Defendants with Plaintiff's genetic information and family medical history.

**Plaintiff's Third Cause of Action:**
**Illegal Termination in Retaliation for Engaging in Protected Activities**
**(Retaliation)**

32. Plaintiff realleges paragraphs 1 - 31 as if fully rewritten herein.

33. Plaintiff had a reasonable, good-faith belief that the invasive medical examination amounted to illegal age discrimination and an unlawful request for his genetic information and family medical history.

34. Plaintiff engaged in protected activity when he opposed what he reasonably believed to be illegal age discrimination and an unlawful request for his genetic information and family medical history.

35. Plaintiff opposed the illegal age discrimination and unlawful request for his genetic information and family medical history in a reasonable manner by refusing to undergo the invasive full medical examination and by complaining to Defendants and the medical staff performing the medical examinations.

36. Plaintiff engaged in protected activity when he filed a charge of discrimination with the EEOC.

37. Defendants were aware of Plaintiff's protected activities before he was disciplined and terminated.

38. Defendants subjected Plaintiff to adverse employment actions when they disciplined and terminated him.

39. Defendants retaliated against Plaintiff because of his protected activities in violation of the ADEA, 29 U.S.C. § 623(d), GINA, 42 U.S.C. § 2000ff-6(f), and R.C. 4112.02(I).

**WHEREFORE,** Plaintiff David Lee demands judgment against Defendants as follows:

(a) That Plaintiff be awarded compensatory damages including emotional distress damages;

(b) That Plaintiff be awarded all lost pay and benefits;

(c) That Plaintiff be awarded punitive damages;

(d) That Plaintiff be awarded front pay;

(e) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum

award rather than his compensation over several, separate tax years;

(f)  That Plaintiff be awarded reasonable attorneys' fees and court costs; and

(g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Dated this 9th day of July, 2013.

Respectfully submitted,

_/s/ Adam R. Webber_____
ADAM R. WEBBER, Esq.
Bar No. 0080900
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
Tel.   937.222.3000
Fax   937.222.1414
Attorney for Plaintiff
*webber@ohiolawyers.cc*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_/s/ Adam R. Webber_____
Adam R. Webber (0080900)

8