IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID LEE** | : | Case No.: 13-CV-00222 |
| Plaintiff, | : | Judge Thomas Rose |
| | | Magistrate Judge Sharon L. Ovington |
| v. | : | |
| **THE CITY OF MORAINE FIRE DEPARTMENT, et al.,** | : | **MEMORANDUM IN OPPOSITION TO DEFENDANT MORAINE FIREFIGHTERS ASSOCIATION'S MOTION TO DISMISS (Doc. #15).** |
| | : | |
| Defendants. | | |
| | : | |

Plaintiff David Lee hereby responds to Defendant Moraine Professional Firefighters Association, International Association of Fire Fighters, AFL-CIO, Local 2981's ("the Union") Motion for Judgment on the Pleadings. First, Lee states his non-opposition to several points raised by the Union. See Section III(D), below. Second, Lee respectfully requests that the remainder of the Union's Motion be overruled. Third, should this Court find that any of these contested issues have merit, Lee requests that he be granted leave to amend his Complaint to cure any perceived deficiencies in the Complaint. See Section IV, below.

**I.  Statement of Facts**

Plaintiff David Lee served the people of Moraine as a firefighter and paramedic for nearly 16 years.[1] He was retaliated against and fired by the City of Moraine after he filed a charge with the Equal Employment Opportunity Commission and opposed an employment policy that he believed to be (and was) discriminatory towards older firefighters and paramedics.[2]

---

[1] Complaint ¶¶9, 17.
[2] Complaint ¶¶15-17.

Lee was as a firefighter/paramedic and an employee of the City of Moraine Fire Department.[3] As such, he was a member of the Union.[4] The Union negotiated and passed a collective bargaining agreement that required the City of Moraine to consult with the Union prior to putting into effect any changes or additions to personnel policies, including the Health and Wellness policy.[5] Upon information and belief, the Union participated in drafting and establishing a revised Health and Wellness policy.[6] Compliance with the revised Health and Wellness policy became a term and condition of Lee's employment.[7]

The revised Health and Wellness policy specifically required all firefighter/paramedics aged 40 and over to submit to oppressive and invasive medical examinations.[8] Firefighter/paramedics aged 40 and over were also asked questions about their family medical history as part of the medical examination.[9] Firefighter/paramedics younger than 40 were only required to complete a simple questionnaire and did not have to complete any testing unless directed by the Fire Department's physician.[10] Lee was over 40 and was subject to the new Health and Wellness policy.[11] Because of the new policy, the City of Moraine and the Union treated him less favorably than similarly-situated union members under 40[12] and requested his genetic information.[13]

---

[3] Complaint ¶9.
[4] See Moraine Fire Division Contract, Art. 3, § 1, attached and incorporated to the Complaint as Exhibit B.
[5] Complaint ¶13; and see Moraine Fire Division Contract, Art. 1, § 3, attached and incorporated to the Complaint as Exhibit B.
[6] Complaint ¶¶22-23.
[7] Complaint ¶10; and see Moraine Fire Department revised Standard Operating Guideline 100.5.13 Health and Wellness Physical ("S.O.G. 100.5.13"), attached and incorporated to the Complaint as Exhibit A.
[8] *Id.*
[9] Complaint ¶10.
[10] Complaint ¶11.
[11] Complaint ¶12.
[12] Complaint ¶25.
[13] Complaint ¶¶30-31.

When Lee appeared for his physical, he requested that he complete only the medical requirements for firefighter/paramedics under 40.[14] Lee was told that the Fire Department required the full physical examination for firefighter/paramedics over 40.[15] Lee objected that requiring the full examination was illegal age discrimination and an unlawful request for his genetic information and family medical history.[16] Lee declined to allow the full examination to be performed on him.[17] Lee then made oral and written complaints to his Deputy Fire Chief.[18]

A few days after filing his written complaint of discrimination, Lee met with Fire Chief Anthony Trick and verbally complained that the full medical examination requirement was illegal age discrimination and an unlawful request for his genetic information and family medical history.[19] Thereafter, despite Lee's opposition, Fire Chief Trick directed Lee to complete the full physical examination within thirty days.[20]

After not getting satisfaction with his verbal and written objections and complaints, Lee filed a charge of retaliation and discrimination based on age and genetic information with the EEOC on February 16, 2012.[21] Lee did not complete the full physical within the deadline.[22]

Once Lee filed his EEOC charge, Moraine City Manager David Hicks placed Lee on administrative leave without pay—allegedly for his refusal to submit to the over-40 physical exam.[23] After a disciplinary hearing, Lee was terminated on March 28, 2012 allegedly for his refusal to comply with the order to undergo the full medical examination.[24]

---

[14] Complaint ¶14.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Complaint ¶15.
[20] *Id.*
[21] Complaint ¶16.
[22] *Id.*
[23] Complaint ¶17.
[24] *Id.*

3

**II.     Standard of Review**

The Union has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Stafford v. Jewelers Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 29011 (S.D. Ohio Mar. 4, 2013)(Rose, J.), *aff'd Stafford v. Jewelers Mut. Ins. Co.*, 2014 U.S. App. LEXIS 1214 (6th Cir. 2014))(quoting *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) and *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "A motion for judgment on the pleadings is granted when there is no material issue of fact and the party making the motion is entitled to judgment as a matter of law." *Id.* In considering the Union's Motion, the Court must construe the Complaint in the light most favorable to Lee, accept his allegations as true, and draw all reasonable inferences in his favor. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

This Court is also specifically alerted to the Sixth Circuit's very recent affirmance of this Court in *Stafford v. Jewelers Mut. Ins. Co.*, 2014 U.S. App. LEXIS 1214 (6th Cir. Jan. 21, 2014). There, the Sixth Circuit charts a middle-course through the pleading standard conundrum created by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Conley v. Gibson*, 355 U.S. 41 (1957). In *Stafford*, the Sixth Circuit held:

> Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.
> …
> Accordingly, to survive a Rule 12(c) motion to dismiss, the well-pled allegations (taken as true) must raise a right to relief above the speculative level but need not go beyond a short and plain statement of the claim showing that the pleader is entitled to relief.

*Stafford*, 2014 U.S. App. LEXIS 1214, *27 (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) and Fed. R. Civ. P. 8(a)(2))(internal citations and quotations omitted)

4

### III. Law and Argument

First, applying the appropriate pleading standard, *supra*, it is important to recognize what the Union has *not* argued in this Motion. The Union never argues that it has not received "fair notice" of what Lee's claims are and the grounds upon which those claims rest. See *Stafford*, *supra*. To that end, the Complaint must be deemed to have satisfied its most basic purpose: to put the Union on notice of what it is alleged to have done wrong.

#### A. Lee Has Appropriately Pleaded His Age Discrimination Claims under Federal and State Law.

The Complaint alleges that the Union, in conjunction with the City of Moraine, established discriminatory health and wellness guidelines as a term and condition of Lee's employment which, on their face, discriminated against him because of his age. See Complaint ¶23. By so doing, the Union: (1) discriminated against Mr. Lee because of his age in violation of 29 U.S.C. § 623(c)(1); (2) segregated and classified its membership in a way that adversely impacted his employment because of his age in violation of 29 U.S.C. § 623(c)(2); and (3) caused or attempted to cause the City of Moraine to discriminate against him in violation of 29 U.S.C. § 623(c)(3).[25]

i. The Union's argument that Lee has not established a *prima facie* case is not relevant to the question of whether Lee has sufficiently plead his claims against the Union.

At the outset of its argument, the Union discusses whether Lee has established his *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This discussion, however, is not germane to resolving a Rule 12(c) motion. The Union's motion challenges the sufficiency of Lee's Complaint. "In *Swierkiewicz v. Sorema,* the Supreme Court unanimously

---

[25] Age discrimination claims brought under Ohio law are analyzed under the same standards as federal claims brought under the Age Discrimination in Employment Act ("ADEA"). *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005).

held that the *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)(citing *Swierkiewicz v. Sorema* 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). "As the Court reasoned, 'it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case because the *McDonnell Douglas* framework does not apply in every employment discrimination case.' ... [and] the precise requirements of a *prima facie* case can vary depending on the context and before discovery has unearthed the relevant facts and evidence…" *Id.* (quoting *Swierkiewicz*, 534 U.S. 506, 511-14).

Moreover, after dismissing the notion that a pleading could be criticized for not pleading a *prima facie* case, the Supreme Court reaffirmed that "the ordinary rules of notice pleading apply" and held that complaints alleging discrimination should be upheld so long as they give "fair notice" of the basis of the plaintiff's claims. *Id.* (quoting *Swierkiewicz*, 534 U.S. 506, 514).

Again, the Union has *never argued* that Lee's Complaint does not give it "fair notice" of the basis of his claims.  For that reason alone, the pleading can be adjudged sufficient, and any examination of whether Lee has plead a *prima facie* case is premature.

  ii. <u>The Complaint contains discrete and specific factual and legal allegations against the Union.</u>

In its Motion, the Union argues that it should be dismissed because the Complaint alleges only that "it is a party to a collective bargaining agreement with the City of Moraine."  Motion at p. 2.  This statement is incorrect, inaccurate, and an over-simplification of the Complaint.  To the contrary, the Complaint alleges that—not only was the Union a party to the collective bargaining agreement—but it was involved in the creation and implementation of the revised Health and Wellness policy. Complaint ¶¶13, 22-23. Moreover, by negotiating the Policy into the collective bargaining agreement, the Union permitted the discriminatory policy to become a term and

6

condition of Lee's employment. *Id*. By collaborating with the City, the Union treated Lee—and allowed him to be treated—less favorably than similarly-situated union members under 40. Complaint ¶25.

**In short, *but for* the Union's actions and inactions, the City of Moraine *could not* have created and implemented the facially discriminatory health and wellness policy.**

These allegations as to the Union and its role in drafting and establishing the facially discriminatory policy at issue are further supported by other factual allegations in the Complaint and the Exhibits to the Complaint. First, the Union was a party to the collective bargaining agreement ("CBA") with the City of Moraine. See Complaint ¶13. Under the CBA, City of Moraine was required to consult with the Union before adding or changing terms and conditions of employment like the discriminatory Health and Wellness guidelines at issue. See Moraine Fire Division Contract, Art. 1, sec. 3, attached to and incorporated in the Complaint as Exhibit B (admitted to speak for itself in the Union's Answer at ¶13).

Second, under the discriminatory health and wellness policy, the City of Moraine was required to consult with the Union prior to the selection of the physician chosen to evaluate Moraine Fire Department personnel. See S.O.G. 100.5.13, p.1, attached to and incorporated in the Complaint as Exhibit A (admitted to speak for itself in the Union's Answer at ¶10). The Union even concedes that it "concurred with the City" in establishing the discriminatory guidelines "for the benefit of its members." See the Union's Motion, p. 8.

In light of the factual allegations above, it is plausible—if not probable—that the Union was actively involved in the revision, approval, and establishment of the discriminatory health and wellness policy. Through the policy, the Union discriminated against over-40 members like Lee, "segregated and classified" its members according to their age, and "concurred with the City" in crafting a discriminatory policy in violation of the ADEA.

7

B. **Lee's Ohio Age Discrimination Claims Are Not Time-Barred and Are Properly Plead.**

In addition to claims under the federal Age Discrimination in Employment Act, Lee's Complaint also alleges age discrimination under Ohio law. Ohio's age discrimination statutes create a "complex and confusing procedure" relating to seemingly-conflicting statutes of limitation and elections of remedies. See *Dunn v. Bruzzese*, 172 Ohio App. 3d 320, 2007-Ohio-3500, ¶7 (Waite, J. concurring). There are "four <u>independent</u> avenues through which an employee can pursue a claim of age discrimination" under Ohio law: (1) R.C. §4112.02(N); (2) R.C. §4112.05; (3) R.C. §4112.14(B); and (4) R.C. §4112.99. *Spengler v. Worthington Cylinders*, 438 F. Supp. 2d 805, 807-808 (S.D. Ohio 2006).

The Union makes three distinct arguments as to why some or all of Lee's claims should fail. None of these arguments are persuasive.

    i.    <u>Lee's Ohio age discrimination claims are not time-barred.</u>

In its motion, the Union argues that Lee's Complaint is time-barred under the 180-day statute of limitation in R.C. §4112.02(N). **The Complaint, however, does *not* allege a claim under R.C. §4112.02(N).** The Complaint only alleges claims under R.C. §§4112.14 and 4112.99. See Complaint, ¶22. Nowhere in the Complaint is a claim under R.C. §4112.02(N) asserted.[26] To the extent that is ambiguous, Lee herein formally and forever disclaims any relief for age discrimination under R.C. §4112.02(N).

---

[26] While Plaintiff is hesitant to speak for the Union regarding how it came to a contrary conclusion, presumably it stems from Plaintiff's citation to "R.C. 4112.02" in the heading of his First Cause of Action. That citation is intended to refer solely to statute's given section heading: "Unlawful discriminatory practices."

8

      ii.      <u>Lee's Ohio age discrimination claim under R.C. §4112.14 is not barred by R.C. §4112.14(C).</u>

Next, the Union argues that Plaintiff's claim under R.C. §4112.14(A)-(B) is barred by R.C. §4112.14(C) because—according to the Union—Lee had the "opportunity to arbitrate" the discharge. R.C. §4112.14(C). That statutory provision reads:

> The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.

*Id.*

First, <u>there are no facts or allegations in the pleadings upon which this Court could conclude that Lee had the "opportunity to arbitrate</u>." Moreover, the Union fails to even allege in its Motion that Lee had the "opportunity to arbitrate." The Union never explains why this statute should bar Lee's claim. At a minimum, this is a question of fact that can only be resolved by a motion under Fed. R. Civ. P. 56. See, e.g., *York v. AK Steel Corp.*, 2005 U.S. Dist. LEXIS 31846, *1 (S.D. Ohio Dec. 8, 2005)(deciding this issue on a motion for summary judgment). Should the Court wish to convert this argument into a Rule 56 motion, Lee requests that he be permitted an opportunity to conduct discovery on this issue.

Second, the question as to what is an "opportunity to arbitrate" is a fact-intensive question. See, e.g., *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013)(examining whether an employee received notice, a list of their alleged wrongs, a neutral referee, a right to a hearing, a right to be represented by counsel, cross-examine witnesses under oath, have a record taken, and compel witnesses); and see *Meyer v. United Parcel Serv.*, Inc., 122 Ohio St. 3d 104, 2009-Ohio-2463, ¶¶45-46 (examining

9

whether a grievance process was the "functional equivalent" of arbitration and had the same "procedural safeguards"). The fact-intensive nature of this question is all the more reason why any question on this point should be resolved after discovery.

    iii.    <u>Lee's Ohio age discrimination claim under R.C. §4112.99 is not lost; it is properly pleaded along with Lee's claim under R.C. §4112.14</u>.

Finally, the Union argues that Lee's R.C. §4112.99 claim cannot be a "separate and distinct cause of action." Mot. p.6. This argument is premised on Defendant's assumption that this Court will have already dismissed any claims under R.C. §4112.14 and R.C.§4112.02(N). These issues have been addressed above.

To support this argument that R.C. §4112.99 claim cannot be a "separate and distinct cause of action," the Union cites *Meyer v. United Parcel Serv.*, Inc., 122 Ohio St. 3d 104, 2009-Ohio-2463. To the contrary, *Meyer*, says precisely the opposite: a plaintiff may file an age-discrimination claim "solely pursuant to R.C. 4112.99" and may use R.C. 4112.99 to remedy the "age-based employment discrimination identified by R.C. 4112.02 and 4112.14" *Meyer*, at ¶¶29-30 (quoting and upholding *Belian v. Bicron Corp.,* 69 Ohio.St.3d 517, 519 (1994)); see also *Spengler v. Worthington Cylinders*, 438 F. Supp. 2d 805, 807-808 (S.D. Ohio 2006)(holding that R.C. §4112.99 can be an "independent" cause of action).

That said, *if* Lee's R.C. §4112.14 claim was barred by a specific provision of that statute, *then* his R.C. §4112.99 claim may be subject to that same provision. As such, in this case, Lee's claim under R.C. §4112.99 is subject to the substantive provisions of R.C. §4112.14, including its six-year statute of limitations, and thus is not time-barred. *See Reminder v. Roadway Express, Inc.*, 2006 U.S. Dist. LEXIS 1899, *17-18 (N.D. Ohio Jan. 10, 2006); *Meyer*, 2009-Ohio-2463, ¶32.

C.   **Lee Has Pleaded a Valid Genetic Information Nondiscrimination Act ("GINA") Claim Against the Union.**

Lee's Complaint alleges that the Union, by approving, establishing, and allowing the discriminatory health and wellness policy, requested and required Mr. Lee's genetic information and family medical history in violation of 42 U.S.C. §2000ff-3(b).[27] See Complaint, ¶¶ 30-31.

First, the Union correctly notes that one of the specific statutes alleged to have been violated, 42 U.S.C. §2000ff-1, is specific to employers, not unions. To the extent that this was ambiguous, Lee herein formally and forever disclaims any relief for a GINA violation by the Union under 42 U.S.C. § 2000ff-1.

Second, the Union argues in its Motion that the CBA between the Union and the City of Moraine is not a request or requirement of genetic information. This argument, however, misses the point: Lee takes issue with the drafting and establishment of the discriminatory health and wellness policy, not the CBA. The health and wellness policy requested and required Lee to provide genetic information and family medical history. See Complaint, ¶10. The factual allegations in Lee's Complaint and the reasonable inferences drawn in his favor therefrom make it at least plausible that the Union was actively involved in the revision, approval, and establishment of the discriminatory health and wellness policy and, in turn, its requirements related to genetic information and family medical history.

Finally, the Union asserts that even if it did request or require Lee's family medical history, "it did so inadvertently." Mot. p. 8. Although GINA's prohibitions do not apply if done inadvertently, 42 U.S.C. §2000ff-3(b)(1), it will not be deemed "inadvertent" unless a defendant takes affirmative steps to tell the employee or other information source *not* to provide genetic

---

[27] The Union alleges in a footnote that Lee never specifically alleged that he was a member of the Union. The Union doesn't dispute that he was a member. Certainly, the other factual allegations in the Complaint allow a reasonable inference of this fact.

11

information. *See* 29 C.F.R. §1635.8(b)(1)(i). The Union points to no fact sufficient to entitle it to judgment on the pleadings on this issue.

Lee's averments, taken together, allow one to draw the reasonable inference that the Union violated his rights under GINA by requiring him to comply with a policy that compelled his disclosure of protected information.

### D. Plaintiff's Retaliation Claim

The Union points out that it did not terminate or discipline Lee and therefore did not retaliate against him under the ADEA, GINA, or state law. Lee agrees that the Complaint only alleges that the City of Moraine and Moraine Fire Department terminated and disciplined him. To the extent his Third Cause of Action can be read otherwise, Lee hereby formally and forever states that he does not allege that the Union disciplined, terminated, or otherwise retaliated against him. However, Lee respectfully reserves the right to seek to amend his Complaint should additional facts be discovered that would support such an allegation.

### IV. Conditional Request for Leave to Amend

Fed. R. Civ. Pro. 15 expresses a liberal policy for amending pleadings, especially in the early stages of litigation. *See* Fed. R. Civ. P. 15(a). In the event this Court finds that the factual allegations set forth in Lee's complaint are technically deficient in some respect, Lee respectfully requests an opportunity to cure any such deficiencies.

### V. Conclusion

With the exception of the minor clarifications raised by the Union, *supra*, the Union's Motion for Judgment on the Pleadings should be overruled.

        Respectfully submitted,

        _/s/ Adam R. Webber_____
        ADAM R. WEBBER, Esq.
        Bar No. 0080900
        Trial attorney for Plaintiff
        FALKE & DUNPHY, LLC
        30 Wyoming Street
        Dayton, Ohio 45409
        Tel.   937.222.3000
        Fax   937.222.1414
        Email:  webber@ohiolawyers.cc

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon the following this 20th day of February, 2014, via the Court's CM/ECF system:

EDWARD J. DOWD
DAWN M. FRICK
JOSHUA R. SCHIERLOH
Surdyk, Dowd & Turner Co., L.P.A.
One Prestige Place, Suite 700
Miamisburg, Ohio 45342
*Attorneys for Defendants the City of Moraine Fire Department and the City of Moraine, Ohio*

JAMES H. GREER
TRISHA M. DUFF
Bieser, Greer & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402
*Attorneys for Defendant the Moraine Professional Firefighters Association, IAFF Local 2981*

        /s/ Adam R. Webber
        _____
        Adam R. Webber (#0080900)
        Attorney for Plaintiff