IN THE DISTRICT COURT
FOR THE SOUTHERN OF DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE, | : | Case No. 13-CV-00222 |
| | : | (Judge Thomas Rose) |
| Plaintiff, | : | |
| | : | |
| v. | : | **DEFENDANT MORAINE** |
| | : | **PROFESSIONAL FIREFIGHTERS** |
| THE CITY OF MORAINE FIRE | : | **ASSOCIATION'S** |
| DEPARTMENT**,** *et al.*, | : | **REPLY TO PLAINTIFF'S** |
| | : | **OPPOSITION TO MOTION TO** |
| Defendants. | : | **DISMISS** |

Defendant Moraine Professional Firefighters Association, International Association of Fire Fighters, AFL-CIO, Local 2981 ("Local 2981" or "Union"), through undersigned counsel, hereby replies to Plaintiff David Lee's opposition to its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(c) and Local Rule 7.2. Plaintiff's Complaint must be dismissed as to Local 2981 because it fails to state a claim upon which relief can be granted.

**I.      MOTION TO DISMISS STANDARD.**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same now-familiar standard of review employed for a motion to dismiss under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). While Plaintiff is entitled to have the Court draw all reasonable inferences in his favor, "[m]erely pleading facts that . . . permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). "When considering a Rule 12(c) motion, this Court ̶need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the

assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) (citations and quotations omitted). *See also Tucker*, 526 F.3d at 295.

## II. ARGUMENT.

### A. To Support His Opposition, Plaintiff Misconstrues His Own Complaint and His Own Exhibits.

Plaintiff alleges that "the Union, in conjunction with the City of Moraine, established discriminatory health and wellness guidelines as a term and condition of Lee's employment which, on their face, discriminated against him because of his age." Opposition [Doc. 18] at 5. This contention is at odds with Plaintiff's own Complaint, which provides that: "The collective bargaining agreement between the Moraine Firefighters' Union and the City effective June 1, 2011 provides that the City may establish a program to monitor employee safety and health that complies with S.O.G. 100.5.13. See Moraine Fire Division Contract, Art. 10, § 5, attached and incorporated herein as Exhibit B." Complaint [Doc. 1] at ¶ 13.

Plaintiff relies on Article 10, Section 5 of the collective bargaining agreement, which *does not* make reference to physicals required by the Department let alone differentiate between the physicals required *by the Department* of employees under age 40 and those over age 40. That provision provides, in whole: "Section 5 - It is understood and agreed that the City may establish a program to monitor employee safety and health. This program is intended to comply with the requirements set forth in OAC-4123:1-21-07(F)(1,2); OAC-4123:1-21-02(P)(3) and the Moraine Fire Division Non-Emergency SOG "Health and Wellness Physicals" rev. 4/1/2011." Complaint Exhibit 2 [Doc. 1-2] at 14. Notably, Standard Operating Guideline ("SOG") 100.5.13 "Health and Wellness Physicals" was not finalized until after the parties signed the CBA. Complaint Exhibit 1 [Doc. 1-1] at 4.

Indeed, the Complaint does not contain any *factual* allegation that SOG 100.5.13, upon which Plaintiff now relies, (1) was agreed upon, or signed, at the time the Union entered into the Collective Bargaining Agreement, or (2) was negotiated with the Union. *See id.* (indicating approval by Fire Chief Anthony Trick, but not the Union).

Further, despite Plaintiff's *arguments* to the contrary, other than language in the collective bargaining agreement permitting the City to establish a health and wellness program, Plaintiff can allege no facts connecting the Union to the Department's program. Despite the Plaintiff's contention, Article 1, Section 3 of the CBA does not *require* the Department to negotiate with the Union when revising personnel policies, but requires only consultation with the Union:

> Section 3 - The City shall consult with the Moraine Professional Firefighters Association prior to putting into effect any changes or additions to current personnel policies. The City retains the right to establish, change, or modify personnel policies so long as they are not in conflict with the language of this agreement. Any conflict between the aforementioned and the agreement shall be subject to the grievance procedure set forth in Article 7.

Complaint Exhibit 2 [Doc. 1-2] at 1.

Indeed, Plaintiff asserts for the first time in his Opposition that the Union was "involved in the creation and implementation of the revised Health and Wellness policy" and that he "takes issue with the drafting and establishment of the discriminatory health and wellness policy." *Compare* Opposition [Doc. 18] at 6, 11 *with* Complaint [Doc. 1] at ¶ 10 ("[T]he Moraine Fire Department revised Standard Operating Guideline 100.5.13..."). However, even if Plaintiff's Complaint can be read in this manner, he fails to show how any revision or approval of the Health and Wellness Physical policy qualifies him for relief against the Union. Even under Plaintiff's strained reading of his complaint, *if* the Union was involved in the drafting of the

wellness policy, revising *the City's* wellness policy does not constitute any unlawful action against Plaintiff *by the Union* for the reasons stated in the Union's Motion to Dismiss.

Plaintiff further bases his allegation that the Union is somehow responsible for his termination on language contained in the Department's SOG that the Department would "consult" with the Union prior to selection of the physician performing health and wellness examination. Complaint Exhibit 2 [Doc. 1-2] at 1. Plaintiff fails to allege, however, that the Department actually consulted with the Union, and, even if it did, how the selection of a physician somehow makes the Union responsible for the Department's ultimate decision to terminate Plaintiff's employment.

The Union's *only* relation to the Department's health and wellness program (and therefore, liability), despite Plaintiff's contentions to the contrary, stems solely from its agreement to permit the City to establish a health and wellness program.

    B.    *Plaintiff's Inability to State a Claim for Relief Against the Union is Evidenced by His Failure to State a Prima Facie Case.*

In his Opposition, Plaintiff explains, for the first time, which provisions of the Age Discrimination in Employment Act ("ADEA") he claims Local 2981 violated, arguing: "the Union: (1) discriminated against Mr. Lee because of his age in violation of 29 U.S.C. § 623(c)(1); (2) segregated and classified its membership in a way that adversely impacted his employment because of his age in violation of 29 U.S.C. § 623(c)(2); and (3) caused or attempted to cause the City of Moraine to discriminate against him in violation of 29 U.S.C. § 623(c)(3)." Opposition [Doc. 18] at 6.

For the reasons contained in the Union's Motion to Dismiss, Plaintiff still cannot state a claim against the Union. *See* Motion to Dismiss [Doc. 15] at 3-5. Even if Plaintiff need not meet the requirements of a *prima facie* case at this stage in the litigation, he still fails to state a claim

for relief against the Union. Plaintiff's Complaint – alleging only that the Union entered into a collective bargaining agreement permitting the Department to establish a health and wellness program – does not give the Union "fair notice" of the *legal* claims and basis for relief against it. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema* 534 U.S. 506, 510 (2002)).

   C. *Plaintiff's Claims Pursuant to the Ohio Revised Code Fail.*

Plaintiff now asserts that his discrimination claims stem from Ohio R.C. § 4112.14 and 4112.99. However, despite his contentions to the contrary, Plaintiff's Section 4112.14 claim is barred by Section 4112.14(C), which provides: "The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."

Conveniently, Plaintiff's Complaint does not contain any allegations relating to his ability, or non-ability, to arbitrate his termination. As described in the Union's Motion to Dismiss, however, an opportunity to arbitrate means a former employee "had access to an arbitration procedure." *York v. U.S. Steel Corp.*, 2005 U.S. Dist. LEXIS 31846, at *7 (S.D. Ohio Dec. 8. 2005) (finding employees had opportunity to arbitrate when arbitration is provided under a collective bargaining agreement).

Pursuant to the CBA in the present case, Plaintiff *did* have the opportunity to arbitrate his discharge. Specifically, Article 7, Section 2(B) of the CBA defines "grievance" to include "[t]he discipline of a Bargaining Unit member." Complaint Exhibit 2 [Doc. 1-2] at 5. Article 7, Section 6, Step 5 of the grievance procedure provides for binding arbitration. *Id*. at 8-9. By the CBA's

plain language, arbitration was provided to Plaintiff. For this reason, and the reasons described at pages 5-7 of the Union's Motion to Dismiss [Doc. 15], his claims pursuant to Ohio R.C. Sections 4112.14 and 4112.99 both fail.

## IV. CONCLUSION.

For the reasons stated in the Union's Motion to Dismiss and herein, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and must be dismissed against Defendant Moraine Professional Firefighters Association, International Association of Fire Fighters, AFL-CIO, Local 2981.

Respectfully submitted,

s/ James H. Greer
James H. Greer (0046555), Trial Attorney
Trisha M. Duff (0052147)
Curtis G. Moore (0091209)
*Attorneys for Defendant, Moraine Professional Firefighters Association, IAFF Local 2981*
BIESER, GREER & LANDIS LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908
Telephone: (937) 223-3277
E-mail: jhg@bgllaw.com; tmd@bgllaw.com; cgm@bgllaw.com
Facsimile: (937) 223-6339

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been served on the following counsel via electronic filing on the Court's CM/ECF system on this 6th day of March 2014:

| | |
|---|---|
| Adam R Webber | Dawn M Frick |
| Falke &Dunphy, LLC | Edward Joseph Dowd |
| 30 Wyoming Street | Joshua Robert Schierloh |
| Dayton, OH 45409 | Surdyk, Dowd &Turner Co., L.P.A. |
| webber@ohiolawyers.cc | 1 Prestige Place, Suite 700 |

        Miamisburg, OH 45342
        dfrick@sdtlawyers.com
        edowd@sdtlawyers.com
        jschierloh@sdtlawyers.com


        s/ James H. Greer
        James H. Greer

3334.213270/429579