# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID LEE, | **:** | |
| Plaintiff, | **:** | Case No. 3:13cv00222 |
| v. | **:** | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| THE CITY OF MORAINE FIRE DEPARTMENT, et al., | **:** | |
| | **:** | |
| Defendants. | **:** | |
| | **:** | |

# REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

Plaintiff David Lee worked for the City of Moraine Fire Department as a firefighter/paramedic beginning in April 1996. (Doc. #1, *PageID*# 3). Plaintiff alleges that in March 2012 he was terminated by City Manager David Hicks for refusing to undergo a full medical examination, pursuant to section 100.5.13, Health and Wellness Physical, of the City's Standard Operating Guidelines. (Doc. #1, *PageID*# 5). Plaintiff contends the policy is discriminatory and unlawful, in part, because it requires firefighter/paramedics who are *over* the age of forty – such as himself – to undergo testing not required of those firefighter/paramedics *under* the age of forty. (Doc. #1, *PageID*# 4). Plaintiff subsequently

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

filed this case against Defendants City of Moraine, City of Moraine Fire Department, and

Moraine Professional Firefighters Association, International Association of Fire Fighters,

AFL-CIO, Local 2981 ("Local 2981"). (Doc. #1, *PageID* # 1). As to Defendant Local 2981,

Plaintiff raises three counts[2] in his Complaint: (1) age discrimination in violation of the Age

Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.,* (2) age discrimination in

violation of Ohio Revised Code Chapter 4112, and (3) violation of Title II of the Genetic

Information Nondiscrimination Act, 42 U.S.C. § 2000ff, *et seq.*

Presently, this case is before the Court upon Defendant Local 2981's Motion to

Dismiss (Doc. #15), Plaintiff David Lee's Memorandum in Opposition (Doc. #18),

Defendant Local 2981's Reply (Doc. #19), and the record as a whole.

## II.    BACKGROUND

Plaintiff alleges that in April 2011 the City of Moraine Fire Department made

changes to section 100.5.13, Health and Wellness Physical, of its Standard Operating

Guidelines ("S.O.G."). (*Id.*). S.O.G. 100.5.13 was changed "to require

firefighter/paramedics forty years of age and older to submit to a full medical examination

consisting of: a Health Status and OSHA Respiratory Questionnaire; physical examination;

blood tests including complete blood count, comprehensive metabolic panel, and lipid test;

urinalysis; vision and audio examinations; pulmonary function test; electrocardiogram; stool

---

[2] Plaintiff does not allege a retaliation claim against Defendant Local 2981. *See Plaintiff's Memorandum in Opposition to Defendant Local 2981's Motion to Dismiss*, Doc. #18, *PageID* # 116 ("To the extent his Third Cause of Action can be read otherwise, Lee hereby formally and forever states that he does not allege that the Union disciplined, terminated, or otherwise retaliated against him.").

guiac test; chest x-ray; Bruce Protocol stress test; prostate specific antigen test; tuberculosis test; and fitness assessments." (*Id.*). Those firefighter/paramedics who were over the age of forty "were also asked questions about their family medical history as part of the medical examination." (*Id.*).

Plaintiff asserts that firefighter/paramedics under the age of forty were only required to complete the Health Status and OSHA Respiratory Questionnaire, and were not required to complete additional testing unless directed to do so by the Moraine Fire Department physician. (Doc. #1, *PageID##* 3-4). Plaintiff was over the age of forty at the time S.O.G. 100.5.13 was revised. (Doc. #1, *PageID#* 4).

Plaintiff alleges that on January 30, 2012, he "appeared for a physical examination and requested that he complete only the medical testing required for firefighter/paramedics under age forty." (*Id.*). Plaintiff contends that he was informed a full physical examination was required for him due to the fact he was over age forty at the time. (*Id.*). According to Plaintiff, he "complained to the medical staff that requiring the full examination was illegal age discrimination and an unlawful request for his genetic information and family medical history." (*Id.*). He refused to undergo the full examination, and alleges he made, on the same day, "oral and written complaints to Moraine Fire Department Deputy Fire Chief David Cooper." (*Id.*).

Thereafter, Plaintiff states that he "met with Fire Chief Anthony Trick on February 2, 2012 and complained that the full medical examination requirement was illegal age

3

discrimination and an unlawful request for his genetic information and family medical history." (*Id.*). Plaintiff alleges that on February 8, 2012, he was directed by Fire Chief Anthony Trick to complete the full physical examination within thirty days. (*Id.*).

According to Plaintiff, he filed a charge of retaliation and discrimination based on age and genetic information with the EEOC on February 16, 2012, and did not complete the full physical examination. (*Id.*).

Plaintiff alleges that on March 9, 2012, Moraine City Manager David Hicks placed him on administrative leave without pay, and on March 13, 2012 a disciplinary hearing was held. (Doc. #1, *PageID#* 5). Plaintiff further states that he "was terminated by City Manager David Hicks on March 28, 2012 for alleged insubordination related to his refusal to comply with the order to undergo the full medical examination." (*Id.*).

### III.   MOTION FOR JUDGMENT ON THE PLEADINGS

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (also discussing, in part, *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

When reviewing a Complaint under both Rule 12(c) and Rule 12(b)(6), the Court accepts as true the Complaint's factual allegations and construes all reasonable inferences in the plaintiffs' favor. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a Rule 12(b)(6) Motion, the Complaint "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

To state a plausible, non-speculative claim the Complaint need only set forth a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). This does not require detailed factual allegations, yet it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949 (2009)(*Twombly* citations omitted); *see Eidson v. State of Tn. Dept. of Children's Svs.*, 510 F.3d 631, 634 (6th Cir. 2007)("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal

theory… Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

## IV.    ANALYSIS

### A.    Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

Plaintiff contends Defendant Local 2981 violated the ADEA by "(1) discriminat[ing] against [him] because of his age in violation of 29 U.S.C. § 623(c)(1); (2) segregat[ing] and classif[ying] its membership in a way that adversely impacted his employment because of his age in violation of 29 U.S.C. § 623(c)(2); and (3) caus[ing] or attempt[ing] to cause the City of Moraine to discriminate against him in violation 29 U.S.C. § 623(c)(3)."[3]  (Doc. #18, *PageID#* 109).

The ADEA makes it "unlawful for a labor organization – "

(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;

(2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an

---

[3] Defendant Local 2981 parenthetically notes that Plaintiff does not allege he named Local 2981 as a party in his EEOC charge. (Doc. #15, *PageID#* 95)("assuming Plaintiff's EEOC charge referenced Local 2981, which he has not alleged . . . .").  "Compliance with the named-party rule is part of a plaintiff's obligation to exhaust her administrative remedies with the EEOC before filing suit," *Lockhart v. Holiday Inn Express Southwind*, 531 Fed. Appx. 544, 547 (6th Cir. 2013), however, failure to exhaust administrative remedies is an affirmative defense that Defendant Local 2981's brief point does not sufficiently raise so as to justify consideration by the Court at this time.  *See Lockart*, 531 Fed. Appx. at 547 ("'Failure to exhaust administrative remedies . . . is an affirmative defense, and the defendant bears the burden of pleading and proving this failure.'")(quoting *Lockett v. Potter*, 259 Fed. Appx. 784, 786 (6th Cir. 2008)).

applicant for employment, because of such individual's age;

(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

42 U.S.C. §§ 623(c)(1)-(3). Defendant Local 2981 contends that "Plaintiff does not allege that Local 2981 established any policy monitoring employee safety and health; he does not allege that Local 2981 approved any policy monitoring employee safety and health; he does not allege that Local 2981 established any term or condition of employment that required him to undergo invasive medical testing due to his age; and Plaintiff does not allege that Local 2981 approved any term or condition of employment that required him to undergo invasive medical testing due to his age." (Doc. #15, *PageID*# 95).

Plaintiff contends that Defendant Local 2981's argument is an "incorrect, inaccurate, and . . . over-simplification of the Complaint." (Doc. #18, *PageID*# 110). According to Plaintiff, the Complaint alleges that Defendant Local 2981 was not simply a party to the CBA, but "was involved in the creation and implementation of the revised Health and Wellness policy." (*Id.*). Plaintiff also argues that "by negotiating [S.O.G. 100.5.13] into the collective bargaining agreement, the Union permitted the discriminatory policy to become a term and condition of Lee's employment." (Doc. #18, *PageID*## 110-11).

Plaintiff's Complaint indicates that S.O.G. 100.5.13, Health and Wellness Physical, was revised in April 2011, and thereafter required firefighter/paramedics *over* the age of forty to undergo medical testing and answer questions not required from those firefighter/paramedics *under* the age of forty. (Doc. #1, *PageID*# 3). Plaintiff's Complaint

7

also indicates that Defendant Local 2981 incorporated this allegedly discriminatory policy into the CBA it entered into with the City of Moraine, effective June 1, 2011. (Doc. #1, *PageID*# 4). Plaintiff alleges he was a firefighter/paramedic *over* the age of forty, was subjected to the additional testing not required of firefighter/paramedics *under* the age of forty, refused to undergo such testing, and was thereafter terminated for his refusal. (Doc. #1, *PageID*## 4-6).

Construing Plaintiff's Complaint in a light most favorable to him and accepting all allegations as true, the Court finds that at this stage of the case Plaintiff has alleged sufficient factual detail to reasonably infer that Defendant Local 2981 was involved in the drafting and/or implementation of the allegedly discriminatory revisions made to the City of Moraine Fire Department's Health and Wellness Physical policy, S.O.G. 100.5.13, and thus, plausibly violated §§ 623(c)(1)-(3) of the ADEA.

Although Defendant Local 2981 argues that Plaintiff failed to set forth a prima facie case of age discrimination – as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) – Plaintiff is correct in noting that the standard set forth in *McDonnell Douglas* was an evidentiary standard, not a pleading requirement. (Doc. #18, *PageID*# 110); *see Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)("[I]t was error for the district court to require Keys to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss"). Plaintiff, therefore, is not required to plead facts sufficient to show each element of a prima facie case of age discrimination under the AEDPA. *See id*; *see also*

8

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S.Ct. 992 (2002).

Accordingly, Plaintiff has set fort facts sufficient to support a plausible ADEA claim.

**B.    Claims under Title II of the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, *et seq.***

In addition to violating the ADEA, Plaintiff argues Defendant Local 2981 violated GINA because "by approving, establishing, and allowing [Standard Operating Guideline 100.5.13], [it] requested and required genetic information and family medical history in violation of 42 U.S.C. § 2000ff-3(b)."  (Doc. #18, *PageID#* 115).[4]

Pursuant to GINA, "[i]t shall be an unlawful employment practice for a labor organization to request, require, or purchase genetic information with respect to a member or a family member of the member . . . ."  42 U.S.C. § 2000ff-3(b).

Section 2000ff(4)(A) defines "genetic information" as "information about – (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." Defendant Local 2981 argues Plaintiff has not alleged facts capable of indicating it purchased, requested, or required his genetic information.  (Doc. #15, *PageID##* 97-98)  To the extent the CBA, effective June 1, 2011, permitted the City of Moraine to "establish a

---

[4] Plaintiff notes that he is not alleging Defendant Local 2981 violated 42 U.S.C. § 2000ff-1.  *See Plaintiff's Memo. in Opp.*, Doc. # 18, *PageID#* 115 ("[T]he Union correctly notes that one of the specific statutes alleged to have been violated, 42 U.S.C. § 2000ff-1, is specific to employers, not unions.  To the extent that this was ambiguous, Lee herein formally and forever disclaims any relief for a GINA violation by the Union under 42 U.S.C. § 2000ff-1.").

program to monitor employee safety and health," Defendant Local 2981 argues, "[s]uch a reference does not constitute a requirement or request that members provide genetic information to Local 2981 in its capacity as a labor organization."  (Doc. #15, *PageID#* 98)(citing Doc. #1, *PageID#* 4).  According to Defendant Local 2981, "other than language in the collective bargaining agreement permitting the City to establish a health and wellness program, Plaintiff can allege no facts connecting the Union to the Department's program." (Doc. #19, *PageID#* 120).

Plaintiff argues that such an argument "misses the point: Lee takes issue with the drafting and establishment of the discriminatory health and wellness policy, not the CBA." (Doc. #18, *PageID#* 115).  As such, Plaintiff contends it is "at least plausible that the Union was actively involved in the revision, approval, and establishment of the discriminatory health and wellness policy and, in turn, its requirements related to genetic information and family medical history."  (Doc. #18, *PageID#* 115).

While it certainly remains to be discovered what, if any, actual involvement Defendant Local 2981 had in drafting or implementing the allegedly discriminatory revisions to S.O.G. 100.5.13, Health and Wellness Physical, it is presently clear the CBA – effective June 1,  2011, and entered into between the City of Moraine and Defendant Local 2981 – specifically referenced revised S.O.G. 100.5.13 as follows:

Section 5 – It is understood and agreed that the City may establish a program to monitor employee safety and health.  This program is intended to comply with the requirements set forth in OAC-4123:1-21-07(F)(1,2); OAC-4123:1-21-02(P)(3) and the Moraine Fire Division Non-Emergency SOG "Health and Wellness Physicals"

10

rev. 4/1/2011.

Doc. #1-2, *PageID* # 29.  The CBA therefore not only permitted the City to establish a "program to monitor employee safety and health," but also noted that such a program "is intended to comply with the requirements set forth in . . . SOG 'Health and Wellness Physicals' rev. 4/1/2011."  (*Id.*).  Accepting Plaintiff's allegations as true and construing all reasonable inferences in Plaintiff's favor, it is reasonable to infer – particularly considering the CBA's incorporation of S.O.G. 100.5.13 – that Defendant Local 2981 was involved in the drafting and/or implementation of the allegedly discriminatory policy.  In addition, while certain testing required under S.O.G. 100.5.13 (i.e., audio and vision testing) did not appear to require any "genetic information" from Plaintiff, other requirements of the S.O.G. tend to show that genetic information would be gathered.  For example, S.O.G. 100.5.13 requires a firefighter/paramedic over the age of forty to complete a "Health Status" questionnaire,[5] as well as appears to seek information about whether an employee's "primary relative" has a history of prostate cancer.  (Doc. #1-1, *PageID* # 10).  Construing all reasonable inferences in favor of Plaintiff, it is reasonable to infer that some of the testing or questionnaires required to be completed by Plaintiff under S.O.G. 100.5.13 sought to obtain his "genetic information." [6]  As such, and accepting the reasonable inference that Defendant Local 2981

---

[5] The record at this time does not indicate what questions were required to be answered by an employee as part of the "Health Status" questionnaire referenced in S.O.G. 100.5.13.

[6] Again, section 2000ff(4)(A) of GINA defines "genetic information" as "information about – (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual."

11

was involved in drafting and/or implementing S.O.G. 100.5.13, Plaintiff plausibly claims

that Defendant Local 2981 violated section 2000ff-3(b) of GINA. For these reasons,

dismissal of Plaintiff's GINA claim against Defendant Local 2981 is not presently

warranted.

### C.    Ohio Age Discrimination Claims

In addition to federal claims, Plaintiff also brings claims against Defendant Local

2981 for age discrimination under Ohio Revised Code §§ 4112.14 and 4112.99. (Doc. #1,

*PageID# 5*). Ohio Rev. Code § 4112.14 states, in relevant part:

> (A) No employer shall . . . discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job . . . .
>
> (B) Any person age forty or older who is . . . discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer . . . .
>
> (C) The cause of action described in division (B) of this section . . . shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.

Ohio Revised Code § 4112.99 authorizes a cause of action for any violation of the state's

civil rights laws, but is also subject to the arbitration exhaustion provision forth in §

4112.14(C). *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013)(citing *Meyer*

*v. United Parcel Serv., Inc.*, 122 Ohio St. 3d 104, 2009 Ohio 2463, 909 N.E.2d 106, 116

(Ohio 2009)).

Defendant Local 2981 contends Plaintiff cannot assert claims under Ohio Rev. Code

§§ 4112.14 and 4112.99 because terms of the collective bargaining agreement, effective

June 1, 2011, provided Plaintiff with an opportunity to arbitrate his termination.  (Doc. #19,

*PageID*# 122-23).  Plaintiff argues that no facts or allegations contained in the Complaint

indicate he had an "opportunity to arbitrate," such that Ohio Rev. Code § 4112.14(C) limits

his ability to pursue his claims under §§ 4112.14 and 4112.99.  (Doc. #18, *PageID*# 113).

The CBA attached to Plaintiff's Complaint[7] sets forth grievance and arbitration

procedures under Article 7.  (Doc. #1-2, *PageID*## 21-25).  Next, Article 8 of the CBA

defines a grievance as follows:

> Section 2 - A grievance is defined as being any dispute or controversy between any
> Bargaining Unit member and/or the Union with the City involving:
>
>> A.    The interpretation or application of any of the provisions of this
>>        Agreement;
>>
>> B.    The discipline of any Bargaining Unit member;
>>
>> C.    The effect and/or reasonableness of application of any work rule
>>        established and enforced by the City.

(Doc. #1-2, *PageID*# 21).  If a grievance is filed and not settled within the first four Steps

set forth in Article 7, Section 6, of the CBA, then the next step – Step 5 – provides that the

grievance may go to binding arbitration, which will be "conducted pursuant to the

procedures and rules and . . . by the Federal Mediation and Conciliation Service (FMCS) or

---

[7] "[A] court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011)(bracketing in original)(quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)).

the American Arbitration Association (AAA)."  (Doc. #1-2, *PageID* # 23).

In light of the grievance and arbitration procedures set forth in the CBA under which Plaintiff was employed, his claims under Ohio Rev. Code §§ 4112.14 and 4112.99 are barred by the arbitration exhaustion provision set forth in § 4112.14(C).  *See Jestice v. Butler Tech. & Career Dev. Sch. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 2939, *8-9 (S.D. Ohio Jan. 10, 2012) (granting defendant's motion for judgment on the pleadings and dismissing plaintiff's claims for sex and age discrimination under Ohio law, as barred by Ohio Rev. Code § 4112.14(C) where collective bargaining agreement plaintiff was employed under "provided for grievance procedures and arbitration of employment disputes.") (citing *York v. AK Steel Corp.*, 2005 U.S. Dist. LEXIS 31846, *7 (S.D. Ohio)); *Blair v. Lucent Techs. Inc.*, 2007 U.S. Dist. LEXIS 19555, *12-21 (S.D. Ohio Mar. 20, 2007)(granting motion to dismiss plaintiff's state law age discrimination claim and noting that "[i]f arbitration was *available*, and Plaintiffs did not avail themselves of it, then [Ohio Rev. Code § 4112.14(C)] would bar their claim of age discrimination.")(emphasis in original); *see also Hopkins v. City of Columbus, Dep't of. Pub. Serv.*, 2014 U.S. Dist. LEXIS 37669, *14 (S.D. Ohio Mar. 20, 2014) ("Courts, including this one, have found that the arbitration exhaustion provision applies even when a plaintiff seeks to utilize the arbitration procedure, but the union refuses to arbitrate.").

As Plaintiff had the opportunity to arbitrate pursuant to the terms of the CBA and failed to do so, Ohio Rev. Code § 4112.14(C) bars him from bringing claims under Ohio

14

Rev. Code §§ 4112.14 and 4112.99.  Accordingly, Plaintiff's state law claims for age

discrimination should be dismissed with prejudice.[8]

## IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant Local 2981's Motion to Dismiss (Doc. #15) be GRANTED, in part, to the extent that Plaintiff's claims against Defendant Local 2981 for age discrimination in violation of Ohio Rev. Code §§ 4112.14 and 4112.99 be dismissed with prejudice, but DENIED in remaining part; and,

2.  This case remain pending on the docket of this Court.

## IT IS THEREFORE ORDERED THAT:

Defendant Local 2981's Unopposed Motion to Stay Discovery (Doc. #23) is GRANTED, and discovery is STAYED until such time as the District Court issues a ruling on this Report and Recommendations.


May 2, 2014                                          _____s/Sharon L. Ovington_____
                                                           Sharon L. Ovington
                                                    Chief United States Magistrate Judge


_____

    [8] It also appears that Plaintiff's claims under Ohio Rev. Code § 4112.14 would fail as Defendant Local 2981 does not appear to be an "employer," but rather a "labor organization."  *Cf.* Ohio Rev. Code §§ 4112.01(A)(2),(4).  Ohio Rev. Code § 4112.14 only applies to an "employer" who discriminates against an "employee" due to age.  *See Han v. Univ. of Dayton*, 2012 U.S. Dist. LEXIS 181079, *16 (S.D. Ohio Dec. 21, 2012) (Rose, D.J.) (granting motion to dismiss plaintiff's state law age discrimination claims as "Ohio Rev. Code § 4112 does not provide for liability of individuals who are not employers or supervisors . . . ), *affirmed by*, 541 Fed. Appx. 622 (6th Cir. 2013).  Labor organizations may nonetheless be held liable for unlawful discriminatory practices under Ohio Rev. Code § 4112.02, but such claims are subject to a 180-day statute of limitations.  Ohio Rev. Code § 4112.02(N); *see also Meye*r, 122 Ohio St. 3d at 111 ("[A]n age-discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14.).

15

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

16