**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **DAVID LEE,** | : | **CASE NO. 13-CV-222** |
| Plaintiff, | : | **JUDGE THOMAS M. ROSE** |
| vs. | : | **MAGISTRATE JUDGE** |
| | : | **SHARON L. OVINGTON** |
| **THE CITY OF MORAINE FIRE DEPARTMENT,** *et al.,* | : | |
| Defendants. | : | |

**JOINT PROPOSED FINAL PRETRIAL ORDER**

This action came before the Court at a final pretrial conference held on_____ at _____a.m./p.m., pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.    APPEARANCES:**

    For Plaintiff David Lee:        ADAM R. WEBBER
                                                 Falke & Dunphy, LLC
                                                 30 Wyoming Street
                                                 Dayton, Ohio 45409
                                                 937.222.3000 (t)
                                                 937.222.1414 (f)
                                                 adam@ohiolawyers.cc

    For Defendant City of Moraine:    EDWARD J. DOWD
                                                 DAWN M. FRICK
                                                 JOSHUA R. SCHIERLOH
                                                 Surdyk, Dowd & Turner Co., L.P.A.
                                                 8163 Old Yankee St., Suite C
                                                 Dayton, Ohio 45458
                                                 937.222.2333 (t)
                                                 937-222-1970(f)
                                                 edowd@sdtlawyers.com
                                                 dfrick@sdtlawyers.com
                                                 jschierloh@sdtlawyers.com

II.     **NATURE OF ACTION AND JURISDICTION:**

    A.     This is a civil action for unlawful discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA") and Title II of the Genetic Information Nondiscrimination Act, 42 U.S.C. §§ 2000ff et seq. ("GINA").

    B.     The jurisdiction of the Court is invoked under Title 28 United States Code, Section 1331.

    C.     The subject matter jurisdiction of the Court is not disputed.

III.     **TRIAL INFORMATION:**

    A.     The estimated length of trial is three (3) days.

    B.     Trial to a jury, United States District Judge Thomas M. Rose presiding, has been set for April 27, 2015.

IV.     **AGREED STATEMENTS AND LISTS:**

    A.     <u>General Nature of the Claims of the Parties</u>:

    (1) PLAINTIFF CLAIMS:

**Plaintiff's First Cause of Action: Discrimination and Wrongful Termination in Violation of the Age Discrimination in Employment Act ("ADEA")**

This Court has ruled that Defendants discriminated against Plaintiff by discharging and otherwise adversely impacting his compensation, terms, conditions, and privileges of employment in violation of the ADEA, 29 U.S.C. § 623. (Doc. 52; PageID #1398-1400). The question of damages remains to be decided.

**Plaintiff's Second Cause of Action: Discrimination and Wrongful Termination in Violation of the Genetic Information Nondiscrimination Act ("GINA")**

This Court has ruled that Defendants discriminated against Plaintiff by discharging and otherwise adversely impacting his compensation, terms, conditions, and privileges of employment in violation of GINA, 42 U.S.C. §§ 2000ff-1(b) and 2000ff-3(b). (Doc. 52; PageID #1401-04). The question of damages remains to be decided.

**Plaintiff's Damages**:

- Plaintiff's *entitlement* to and the *amount* of the following categories of damages shall be decided by the jury:

    o Lost wages and benefits; and
    o Compensatory damages.

- Plaintiff's *entitlement* to ADEA liquidated damages shall be decided by a jury, but the *amount* shall be determined by the Court/set by statute;

- Plaintiff's *entitlement* to future damages / reinstatement shall be determined by the Court, but the *amount* of front-pay shall be determined by the jury;

- The following categories of damages or remedies shall be awarded pursuant to the Court's discretion post-trial:

    o Injunctive relief;
    o Plaintiffs' attorney fees;
    o Plaintiffs' costs;
    o Pre-judgment interest under R.C. §1343.03(C);
    o Post-judgment interest; and
    o Compensation for adverse tax consequences of receiving a lump sum award, rather than compensation over several separate tax years.

(2)  DEFENDANTS' POSITION:

In line with the District Court's Entry and Order addressing the dispositive motions of the respective parties (Doc. #52), Plaintiff was lawfully terminated for insubordination. (*Id*., PAGEID #1404-1408) As stated in the District Court's conclusion, "[b]ecause [Plaintiff] has no direct evidence that he was terminated in retaliation for legally protected activity, and has no evidence that the City's proffered reason of insubordination for terminating him was pretextual, judgment on Lee's claims of retaliation is awarded to the City." In turn, Defendant objects to the characterization by Plaintiff that Defendant discriminated against him by "discharging and otherwise adversely impacting his compensation, terms, conditions, and privileges of employment" in violation of the ADEA and GINA. As a result, Plaintiff is not entitled to recover any alleged lost wages and benefits, future damages, nor is reinstatement permitted as a form of recovery herein. The question of damages at the upcoming trial is limited to the compensatory damages allegedly sustained by Plaintiff as a result of a technical violation of the ADEA and GINA, and whether Plaintiff can establish that he is entitled to liquidated damages as provided under the ADEA.

In specifically addressing post-trial damages, any claim for injunctive relief, along with the costs and fees associated with legal counsel for Plaintiff, will be addressed as part of the required post-trial hearings. Notwithstanding, Defendant objects to any claim for pre-trial interest as Defendant engaged in a good faith effort to resolve this matter at mediation. Further,

Plaintiff is not entitled to any compensation for adverse tax consequences because any recovery for lost wages or future wages is foreclosed by the District Court's Entry and Order awarding partial summary judgment to Defendant.

B.      Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel.  Despite such admissions in the pleadings, the parties do not waive the right to object to the relevancy of any of the following uncontroverted facts at the upcoming trial of this matter.

- Answer ¶2 - Defendant admits that the City of Moraine Fire Department is the fire department for the City of Moraine, Ohio and that it operates principally in the State of Ohio, Montgomery County.  Defendant admits further that Anthony Trick is the Fire Chief for the Moraine Fire Department.  (Doc. 5; PageID #57).

- Answer ¶3 – Defendant admits that the City of Moraine, Ohio (the "City") is a municipal corporation located in the State of Ohio, Montgomery County and that David Hicks is the City Manager. (Doc. 5; PageID #57).

- Answer ¶5 – Defendant admits that Plaintiff alleges claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA") and Title 22 of the Genetic Information Nondiscrimination Act, 42 U.S.C. §§ 2000ff, et seq. ("GINA"). (Doc. 5; PageID #58).

- Answer ¶6 – Defendant admits Plaintiff has alleged state law claims. (Doc. 5; PageID #58)

- Answer ¶7 – Defendant admits that Plaintiff was employed by the City in this Division and District. (Doc. 5; PageID #58)

- Answer ¶9 – Defendant admits that Plaintiff was employed by the Fire Department beginning April 17, 1996. (Doc. 5; PageID #58)

- Answer ¶10 – Defendant admits that the Fire Department revised Standard Operating Guideline 100.5.13 Health and Wellness Physical ("S.O.G. 100.5.13') (Doc. 5; PageID #58)

- Answer ¶13 – Defendant admits that the collective bargaining agreement between the Moraine Firefighters union and the City of Moraine provides that the City may establish a program to monitor employee safety and health.  (Doc. 5; PageID #59)

- Answer ¶14 – Defendant admits that on January 30, 2012 Plaintiff appeared for a physical examination. (Doc. 5; PageID #59)

- Answer ¶15 - Defendant admits that on February 8, 2012, Plaintiff was issued a directive to complete the full physical examination within thirty days. (Doc. 5; PageID #59)

4

- Answer ¶16 – Defendant admits Plaintiff filed a charge with the EEOC in February 2012. Defendant admits that Plaintiff did not complete the full examination. (Doc. 5; PageID #59)

- Answer ¶17 - Defendant admits that on March 9, 2012 Plaintiff was placed on administrative leave without pay and that a predisciplinary hearing took place on March 13, 2012. Defendants admit further that Plaintiff's employment was terminated on March 28, 2012 for insubordination. (Doc. 5; PageID #59)

- Answer ¶20 - Defendant admits that the City of Moraine is an employer. (Doc. 5; PageID #60)

- Answer ¶33 – Defendant admits that Plaintiff engaged in protected activity when he filed a charge of discrimination with the EEOC. (Doc. 5; PageID #61)

- The Moraine Local Firefighters Union, IAFF Local 2981, executed the collective bargaining agreement that became effective on June 1, 2011. (Doc. #1-2, PAGEID #13-52.) Plaintiff was a signatory to the collective bargaining agreement that became effective on June 1, 2011. (*Id*.)

- In regards to health and wellness physicals provided to Defendant's firefighters, William B. Lovett, M.D. made the following recommendations to Defendant on March 4, 2011:

    1. Perform physical exams on all members 40 and above according to the sheet.
    2. On members under the age of 40, do a OSHA Questionnaire review (this will meet the requirement by the Ohio Revised Code and OSHA). On review if additional testing needs to be performed these test will be performed at the same time all other physical exams are performed.

(MOR 268-269)

    C.    <u>Issues of Fact and Law</u>

        (1) CONTESTED ISSUES OF FACT:

PLAINTIFF'S POSITION:

The contested issues of fact remaining for decision are:

- The amount of Plaintiff's lost wages and benefits;
- The amount of Plaintiff's compensatory damages;
- Whether Defendant's violation of the ADEA was "willful";
- Whether Plaintiff is entitled reinstatement or to front pay and, if front pay, the appropriate amount;

5

- The amount of Plaintiff's reasonable attorney fees and costs (including any "lodestar" amounts); and
- Plaintiff's entitlement to prejudgment interest.

DEFENDANT'S POSITION:

The contested issues of fact remaining for decision are:

- The amount, if any, of Plaintiff's non-economic and / or compensatory damages under the ADEA and GINA;
- Whether Defendant's violation of the ADEA was "willful" so as to permit the possible award of liquidated damages.

(2) CONTESTED ISSUES OF LAW:

Other than those contested issues of law implicit in the foregoing issues of fact, there are no contested issues of law pending before the Trial Court at this time.

Both Plaintiff and Defendant reserve their right to appeal portions of the District Court's ruling on the motions for summary judgment of the respective parties.

D. Witnesses

(1) Plaintiff will call or will have available for testimony at trial the following witnesses:

- David Lee, Plaintiff
- Ashley Lee, Plaintiff's spouse
- Ralph Frasca, Ph.D, Economic Loss Expert
- David Cooper, Defendant representative, as if on cross-examination
- Anthony Trick, Defendant representative, as if on cross-examination

(2) Defendant will call or will have available for testimony at trial the following witnesses:

- David Lee, as if on cross-examination
- David Hicks
- Anthony Trick
- David Cooper
- Mike Harris
- Dr. William Lovett

(3) The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

E. Expert Witnesses

Parties are limited to the following expert witnesses, whose names have been disclosed

6

and reports furnished to the other side:

Plaintiff: Ralph Frasca, Ph.D

Defendant: William Lovett, M.D.

      F.    <u>Exhibits</u>

The Parties will offer as exhibits those items listed herein and numbered with Arabic numerals (Plaintiff), and sequential alphabetic lettering (Defendant), as follows:

(1)    Joint Exhibits

Based upon the trial exhibits identified by the respective parties, the following joint exhibits can be presumed:

JX1:    Moraine Professional Fire Fighters- CBA (Doc. #1-2, PAGEID #13-52)
JX2:    Public Health Safety & Wellness Questionnaire (LEE 16-31)
JX3:    March 14, 2011 Email from D. Cooper re: Recommendations (MOR 268-269, MOR730-732)
JX4:    S.O.G. 100.5.13 (April 1, 2011) – Health and Wellness Physical (MOR 1-4)
JX5:    M.O.U. (April 9, 2008) and S.O.G. 100.5.13 (April 7, 2008) (MOR 182-185)

(2)    Plaintiff's exhibits:

PX1: Appendix C to Sec. 1910.134: OSHA Respirator Medical Evaluation Questionnaire (Cooper Depo. Ex 16)
PX2: Physical Examination Results Chart (MOR242)
PX3: November 8, 2011 Email from Mark Erby re: Public Safety Health and Wellness Questionnaire. (MOR275-276)
PX4: November 23, 2011 Email from Mark Erby re: Over the age of 40 requirements for Physicals (MOR274)
PX5: January 30, 2012 Email from D. Cooper re: Lee's Physical (MOR263)
PX6: January 30, 2012 Email from L. Lovett re: Refusal of Physical Synopsis (MOR261)
PX7: D. Lee Written Complaint (Lee0011-Lee0014)
PX8: January 30, 2012 Email from D. Cooper re: Lee came into my office before Phil got back (MOR260)
PX9: Notes re: February 2, 2012 Meeting with David Lee (MOR259)
PX10: February 9, 2012 Email from P. Sinewe re: Lee Meeting (MOR255)
PX11: February 8, 2012 Memo from A. Trick re: Wellness Physical (Lee0015)
PX12: February 16, 2012 Charge of Discrimination (Lee0010)
PX13: March 9, 2012 Memo from D. Hicks re: Notice of Placement on Unpaid Administrative Leave and Scheduling of Hearing (Lee0016)
PX14: February 10, 2012 Email from J. Mckenzie re: Age Discrimination (Lee51-52)
PX15: Pay Stubs: Joint Emergency Medical (Lee98-126; Lee362-368; Lee373-385)
PX16: 2012 Tax Sheet, 2013 W2, 2011 W2, 2010 W2, 2009 W2, 2014 W2 (Lee127-133;

Case: 3:13-cv-00222-TMR Doc #: 53 Filed: 03/16/15 Page: 8 of 9 PAGEID #: 1417

Lee372)
PX17: Moraine Fire Leave Accrual Sheets (Lee309-312; Lee328-336; Lee355-360)
PX18: Paystub dated 4/21/12 from Moraine Fire Department (Lee361)
PX19: The Age Discrimination in Employment Act of 1967 (Lee150-178)
PX20: Expert Report: Economic Analysis in the Matter of David Lee by Ralph R. Fresca, Ph.D.
PX21: Audio Clip- Suspension Hearing
PX22: Audio Clip- Union Meeting for Arbitration
PX23: Lee's 3/12/12 Grievance (Lee0020)
PX24: Lee's 4/1/12 Grievance (IAFF000027-32)

*Plaintiff reserves the right to use any other document exchanged by the parties in discovery whose use for rebuttal purposes cannot be reasonably anticipated at this time.*

(3)    Defendant's exhibits:

DXA:  S.O.G. 100.5.13 (April 1, 2011) (MOR 186-189)
DXB:  Affidavit of William B. Lovett, M.D. (MOR 36-44)
DXC:  Resolution for annual physicals (MOR 45)
DXD:  William Lovett email, "Subject: Recommendations" (MOR 268-269)
DXE:  David Cooper email, "Subject: Preparing for contract negotiations" (MOR 726)
DXF:  Affidavit of Anthony Trick (Doc. #40-1, PAGEID #1001-1072)
DXG:  Public Health Safety & Wellness Questionnaire (LEE 16-31)
DXH:  U.S. Fire Administration "Firefighter Fatalities in the United States in 2011" (MOR 481-493)
DXI:  The Fire Service Joint Labor Management Wellness-Fitness Initiative (MOR 515-569)
DXJ:  New England Journal of Medicine "Emergency Duties and Deaths from Heart Disease Among Firefighters in the United States" (Doc. 40-2, PAGEID #1073-1081)
DXK:  Firefighter Fatality Retrospective Study, April 2002/F.A.-220 (Doc. #40, PAGEID #994)

Defendant reserves the right to amend this list depending upon a ruling on the Motion *in Limine* filed contemporaneous with this joint proposed pretrial order. Defendant further reserves the right to utilize any exhibit identified by the Plaintiff above, and to use any other document exchanged by the parties in discovery, which its use for rebuttal purposes cannot be reasonably anticipated at this time.


INSTRUCTIONS:

The above exhibits will be deposited with the Court's Deputy Clerk not later than 4:00 p.m. on the third working day prior to trial.

G.    Depositions

The depositions of David Cooper and Anthony Trick may be used for impeachment purposes. The sworn testimony of David Cooper and Anthony Trick given in Plaintiff's Unemployment Compensation Review Commission hearing may also be used for impeachment

<pre>8</pre>

purposes.

Defendant intends to use the deposition of Plaintiff and Mike Harris for impeachment purposes, as necessary during the upcoming trial.

  H.  <u>Discovery</u>

Discovery has been completed.

  I.  <u>Pending Motions</u>

There are no pending motions at this time.

Defendant, however, intends to file a Motion *in Limine* contemporaneous with the parties' joint proposed pretrial order regarding the issue of damages and the relevancy of several of the trial exhibits identified by Plaintiff herein.

  J.  <u>Miscellaneous Orders</u>

There are no other issues at this time.

## V. MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

## VI. SETTLEMENT EFFORTS

The Parties attempted to resolve the case privately and with the assistance of a court-appointed mediator, United States Magistrate Judge Michael J. Newman. These efforts were not successful.

## VII. TRIAL TO JURY

The Parties will submit proposed jury instructions as required by General Order Number Day 12-01, eff. February 2, 2012.

Approved following Final Pretrial Conference:

_____
United States District Court Judge Thomas M. Rose