IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DAVID LEE,** | : | **CASE NO. 13-CV-222** |
| Plaintiff, | : | |
| **vs.** | : | **JUDGE THOMAS M. ROSE** |
| | : | |
| **THE CITY OF MORAINE FIRE** | : | **MAGISTRATE JUDGE** |
| **DEPARTMENT,** *et al.*, | : | **SHARON L. OVINGTON** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF MORAINE'S MOTION IN LIMINE REGARDING CERTAIN TRIAL EXHIBITS IDENTIFIED BY PLAINTIFF (Doc. 55)**

Defendant, the City of Moraine ("Moraine"), seeks to limit the introduction of evidence and testimony relating to Plaintiff David Lee's claim that Moraine's discrimination against him on the basis of his age was "willful."[1] For the reasons stated below, Moraine's motion should be overruled.

Moraine begins its brief by stating that "Plaintiff's Complaint *alleges* that Moraine discriminated against him on the basis of his age under the ADEA . . ." (Doc. 55; PageID

---

[1] Although this motion was originally captioned as a Motion in Limine, at the March 26, 2015 pre-trial conference the Court indicated its view of this motion as more akin to a motion under Fed.R.Civ.Pro. 56 to determine whether Plaintiff may claim these damages as a matter of law. The Court then converted Defendant's Motion to a Motion for Summary Judgment. (Doc. 56). Plaintiff therefore requests that this Court continue to apply the strict standard of Rule 56(c): assuming Lee's evidence as true and drawing all reasonable inferences in favor of Lee. (Doc. 52; PageID # 1392-93).

1

1427)(emphasis added). While that's true, Moraine's brief glosses over the fact that this Court has *ruled* that Moraine *did* discriminate against Lee in violation of the ADEA.

The ADEA provides that an employee may be awarded "liquidated damages," in addition to back pay and benefits, when the employer's violation of the Act was "willful." 29 U.S.C. §626(b). The amount of liquidated damages will be equal to the amount of back pay and other "pecuniary loss" award. *Hawley v. Dresser Industries, Inc.*, Case no. C-2-85-0332, 1990 U.S. Dist. LEXIS 19074, *5 (S.D. Ohio June 18, 1990); *Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1192 (6th Cir. 1983). These are collectable against Moraine even though it is a political subdivision. *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366 (3rd 2004)(under 29 U.S.C. §630(b), the "ADEA could not be more explicit in imposing liability for age discrimination against municipalities").

An employer's violation of the ADEA is "willful" when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993). The "willfulness" of an ADEA violation can be determined by examining whether Moraine, "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985); aff'd *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer acts willfully if it fails to show its actions giving rise to the dispute were "in good faith and . . . [with] reasonable grounds for believing his act or omission was not a violation of the [ADEA]." *Employees of Dep't of Pub. Health & Welfare v. Dept. of Pub. Health & Welfare*, 452 F.2d 820, 826 (1971), aff'd, 411 U.S. 279 (1973).

Moraine's motion essentially argues that Plaintiff's exhibits relating to Defendant's communications and actions *after* implementation of the discriminatory physicals policy are not

2

relevant.  (Doc. 55; PageID 1427).   They are not relevant, Moraine argues, because these communications occurred in a context that related to Lee's termination.  Moraine's argument rests on two faulty premises.

First, Moraine mistakenly attempts to construe this Court's prior summary judgment ruling that Moraine's termination of Lee was not retaliation into a finding that it was "lawful" and not relevant to damages. (Doc. 55; PageID #1428).   This issue is addressed fully in Lee's Memorandum in Opposition to Moraine's other Motion in Limine (Doc. 54), and need not be repeated in full here.  However, simply because a piece of evidence is relevant for one purpose does not mean that it is not relevant for another.  What was Plaintiff's evidence of retaliation does double-duty: it is also evidence of willfulness.

Second, Moraine is mistaken in arguing that the question of whether Moraine's violation of the ADEA was "willful" can only be adjudged by the mindset of those who created the discriminatory policy, *at the time of its creation*.  In its Motion, Moraine notes that "Plaintiff may attempt to argue that the aforementioned exhibits strike at the heart of his claim for liquidated damages." (Doc. 55; PageID #1429).   Moraine is right; these exhibits support Plaintiff's claim that Moraine's violation of the ADEA was "willful."  As this Court already ruled, Moraine "discriminated against Lee by *requiring* him to undergo job requirements not required of those under 40."  (Doc 52; PageID # 1400)(emphasis added).

The Supreme Court, Sixth Circuit, and this Court have all found that an employer's "willfulness" in creating or enforcing a discriminatory policy can be determined by actions (or inactions) and statements occurring after the policy was created.  See, e.g., *Campbell v. Kelly*, 3:09-CV-435, 2011 U.S. Dist. LEXIS 97889, *30 (S.D. Ohio Aug. 31, 2011)(holding that

willfulness could be demonstrated by a 2004 memorandum discussing the legality of a policy implemented in 2001).

"The issue of willfulness 'is to be treated the same as any other factual determinations routinely submitted to a jury.'" *Twaddle v. RKE Trucking Co*., Case No. 2:04-CV-557, 2006 U.S. Dist. LEXIS 18028, *8 (S.D. Ohio Mar. 29, 2006)(quoting *Kowalski v. Kowalski Heat Treating Co.,* 920 F.Supp. 799, 805 (N.D. Ohio 1996)).  Usually, "willfulness is a factual question requiring an examination of the employer's 'state of mind, knowledge, intent and belief regarding the propriety of [its] actions," and as such, summary judgment is not appropriate in cases in which an employee is able to proffer some evidence of willfulness. *Harter v. GAF Corp*., 967 F.2d 846, 852 (3d Cir. 1992); *Steward v. Sears Roebuck & Co*., 312 F. Supp. 2d 719, 730 (E.D. Pa. 2004); *Rademaker v. Nebraska*, 906 F.2d 1309, 1311-13 (8th Cir. 1990)(finding that, where a governmental employer brusquely ignored the warning that a termination might lead to an age discrimination suit, a jury could conclude that the discrimination was "willful").

As this Court recently noted, "[c]ases under the ADEA . . . have found willfulness most frequently in situations in which the employer deliberately chose to avoid researching the laws' terms or affirmatively evading them." *Cook v. Carestar, Inc*., Case No. 2:11-CV-691, 2013 U.S. Dist. LEXIS 131956, *50 (S.D. Ohio Sept. 16, 2013)(quoting *Hoffman vs. Professional Med Team*, 394 F. 3d 414, 419-20 (6th Cir. 2005)).  "If a company is considering implementing certain policies which may affect their employees, it is important for that company to make a legitimate attempt to determine what the effect may be and  whether such effect would amount to a violation of the ADEA.  Failure either to make any inquiry or to carry an inquiry through to its end is reckless and results in liquidated damages." *The Age Discrimination in Employment Act: Disparate Impact Analysis And the Availability of Liquidated Damages After Hazen Paper Co. v.*

4

*Biggins*, 47 Syracuse L. Rev. 1183, 1222-23 (reviewing and summarizing 'willfulness' litigation under the Supreme Court's *Thurston* standard).  The Sixth Circuit has noted that a finding of willfulness can be determined by looking for evidence that an employer was trying to avoid the law's consequences and balancing that against evidence that an employer was "trying to do the right thing."  *Hoffman vs. Professional Med Team*, 394 F. 3d 414, 419-20 (6th Cir. 2005)(citing *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1080 (1st Cir. 1995)).

In this case—as this Court has already noted—Lee repeatedly and consistently informed Moraine that its physicals policy violated the ADEA.  (Doc. 52; PageID # 1387-91).  He informed his employer that the EEOC shared the same opinion.  (Doc. 52; PageID # 1391).  He gave his employers copies of the relevant ADEA provisions.  At every turn, Lee's appeals to the illegality of the policy were ignored, and he was mocked for trying to discuss the legality of the policy.  (Doc. 52; PageID # 1390).  Moraine's responses to Lee reveal that it continued to defend the policy on grounds other than the legality—ignoring and refusing to discuss Lee's legal objections altogether.  (Doc. 52; PageID # 1388).  Each exhibit objected to by Moraine demonstrates both Lee's objections and Moraine's disregard of the same.

In conclusion, in order to determine whether Moraine's violation of the ADEA was "willful," the jury must be given all the evidence needed to determine what its motivations were at the time the policy was created <u>and</u> when the policy was implemented and enforced.  These motivations can only be faithfully discerned by examining both the evidence of the motivations when the policy was created <u>and</u> the Defendant's reactions when it was challenged.

For the foregoing reasons, Defendant's motion to bar Plaintiff from presenting evidence of Moraine's reaction to Lee's legal objections should be overruled.

Respectfully submitted,

/s/ Adam R. Webber
Adam R. Webber (0080900)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio  45409
Tel:     (937) 222-3000
Fax:     (937) 222-1414
Email: webber@ohiolawyers.cc
Trial Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following this 3rd day of April, 2015, via the Court's CM/ECF system.

EDWARD J. DOWD
DAWN M. FRICK
JOSHUA R. SCHIERLOH
Surdyk, Dowd & Turner Co., LPA
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

JAMES H. GREER
TRISHA M. DUFF
Bieser, Greer & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402

MEGAN KATHLEEN MECHAK
Woodley & Mcgillivary LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC 20005

/s/ Adam R. Webber
Adam R. Webber (#0080900)
Attorney for Plaintiff

6