## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DAVID LEE,** | : | **CASE NO. 13-CV-222** |
| Plaintiff, | : | |
| **vs.** | : | **JUDGE THOMAS M. ROSE** |
| | : | |
| **THE CITY OF MORAINE FIRE** | : | **MAGISTRATE JUDGE** |
| **DEPARTMENT,** *et al.*, | : | **SHARON L. OVINGTON** |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

---

## PLAINTIFF'S JURY INSTRUCTIONS

---

The Plaintiff respectfully requests the attached proposed jury instructions be given to the jury in this case. The defense requests leave of Court to present additional instructions depending on the evidence or defenses at trial.

## TABLE OF CONTENTS

Page No.

**MEMBERS OF THE JURY**……………………………………………………………………1

**JUDGE'S COMMENTS TO LAWYERS**……………………………………………….....2

**FUNCTION OF THE JURY**……………………………………………………………………3

**EQUAL STANDING**……………………………………………………………..…………4-5

**BURDEN OF PROOF**………………………………………………………..…………6

**PREPONDERANCE OF THE EVIDENCE**………………………………………………7-8

**EVIDENCE**………………………………………………………...…………9-10

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**.................................................11

**TRANSCRIPT OF RECORDED CONVERSATION**………………………….....12

**NOTES**………………………………………………………………………………13

**OBJECTIONS AND RULINGS**………………………………………………14

**WITNESSES**………………………………………………………………………15

**CREDIBILITY OF WITNESSES**………………………………………16-17

**IMPEACHMENT**……………………………………………………………18

**IMPEACHMENT: PRIOR INCONSISTENT STATEMENTS**……………………19

**NUMBER OF WITNESSES**………………………………………...……………20

**EXHIBITS**……………………………………………………...…………21

**LIABILITY DIRECTED**………………………………………………22

**OVERVIEW OF DAMAGES**………………………………………………23

**DAMAGES - BACK PAY**……………………………………………....24

**DAMAGES - FRONT PAY**………………………………………………25

**DAMAGES – COMPENSATORY DAMAGES**……………………..……………26

**WILLFUL VIOLATION**………………………………………………27

**INTERROGATORIES**………………………………………………28

**NO RECOMMENDED ANSWERS TO INTERROGATORIES**…………………29

**INTERROGATORIES**………………………………………………30

**DUTY IN DELIBERATING**………………………………………....31

**CLOSING REMARKS**………………………………………32-33

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 1**………………………34

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 2**…………………………....35

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 3**…………………………....36

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 4**……………………………37

Respectfully submitted,

*/s/ Adam R. Webber*_____
Adam R. Webber (0080900)
FALKE & DUNPHY, LLC
30 Wyoming Street
Dayton, Ohio 45409
Tel:    (937) 222-3000
Fax:    (937) 222-1414
Email: webber@ohiolawyers.cc
Trial Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following this 15th day of April, 2015, via the Court's CM/ECF system.

EDWARD J. DOWD
DAWN M. FRICK
JOSHUA R. SCHIERLOH
Surdyk, Dowd & Turner Co., LPA
One Prestige Place, Suite 700
Miamisburg, Ohio 45342

JAMES H. GREER
TRISHA M. DUFF
Bieser, Greer & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402

MEGAN KATHLEEN MECHAK
Woodley & Mcgillivary LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC 20005

/s/ Adam R. Webber
Adam R. Webber (#0080900)
Attorney for Plaintiff

Plaintiff's Requested Jury Instruction No. 1

**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case. A copy of these instructions will be available in the jury room for you to use if necessary.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case. Counsel has referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and the law as stated in these instructions, you are to be governed by these instructions.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 2

**JUDGE'S COMMENTS TO LAWYERS:**

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015

Plaintiff's Requested Jury Instruction No. 3

**FUNCTION OF THE JURY:**

Your function as jurors in this case is to determine the issues of fact presented by the claim of David Lee against the City of Moraine. You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015

Plaintiff's Requested Jury Instruction No. 4

**EQUAL STANDING:**

In this case, the plaintiff, David Lee, is an individual, and the Defendant, the City of Moraine is a municipality. The fact that a party is an individual or a municipality does not mean that such a party is entitled to any greater or lesser consideration by you.  All persons, including the individual, David Lee, and the municipality, the City of Moraine, stand equal before the law, and are entitled to the same fair consideration by you.

When a municipality such as the City of Moraine is involved, it may act only through persons who are its agents or employees.  In general, any agents or employees of municipalities and other governmental entities may bind the municipality or governmental entity by their acts and declarations made while acting within the scope of their authorities.

In this case, you have heard testimony from present and former firefighters and governmental officials.  The testimony of these witnesses is entitled to no special deference, and should not be believed merely because they are "the fire department" or "they are the government."  These witnesses should be subject to the same testing and examination by the jury as anyone else's testimony.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. All persons stand equal before the law and are to be dealt with as equals in a court of justice.  Sympathy for any party, or prejudice against any party, should play no part in your deliberations or in your decision.

4

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015); *Cruz v. Prosser*, Case No. 5:00-cv-04002  (N.D. Iowa Jan. 9, 2002); Schwartz & Pratt, "Section 1983 Litigation: Jury Instructions", 2nd Ed. Vol. 4, §3.04 (2014) (citing *Paine v. City of Lompoc*, 160 F.3d 562, 564 (9th Cir. 1998))("[I]n an action by a private citizen against a police officer, it is advisable to instruct the jury that all parties are of equal standing before the law."); *Kerr v. City of Chicago*, 424 F.2d 1134 (7th Cir. 1970)(holding that, in a civil case against a police department, it was error for the trial court to refuse an instruction that persons employed by the state do not stand any higher station in the community); Fifth Circuit Pattern Jury Instructions, §2.15.

Plaintiff's Requested Jury Instruction No. 5

**BURDEN OF PROOF:**

The person who claims that certain facts exist must prove them by sufficient evidence to establish, in the minds of you the jury, the degree of belief required by law.  This obligation is known as the burden of proof.

In this case, David Lee has asserted a claim against the City of Moraine. Thus, the burden of proving the damages for his claim is on David Lee.

David Lee must prove his claim and any associated damages by a burden of proof known as the preponderance of the evidence. In determining whether any fact in issue has been proved by the preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015)

Plaintiff's Requested Jury Instruction No. 6

**PREPONDERANCE OF THE EVIDENCE:**

To establish by a preponderance of the evidence means to prove that something is more likely than not. A preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it.

When determining whether an element has been proven by a preponderance of the evidence, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits admitted into evidence, regardless of who may have produced them.

It is the quality of the evidence that must be weighed.  Quality may or may not be identical with quantity or the greater number of witnesses or exhibits.

Although the burden may be on the party making the claim to prove the claim by a preponderance of the evidence, the rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases, and this is not such a case.

In a civil action such as this, it is proper to find that the party making the claim has succeeded in carrying the burden of proof by a preponderance of the evidence if, after consideration of all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

---

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015)

Plaintiff's Requested Jury Instruction No. 7

**EVIDENCE:**

We have used the term "evidence" with some frequency. Evidence in a case is only the sworn testimony of witnesses, the exhibits received in evidence, and the facts that have been admitted or stipulated, that is, agreed to between the parties.

Opening statements and final arguments of counsel, and any question by counsel which contains an assertion of fact, are not evidence. Anything to which an objection has been sustained by the Court, or anything that you may have seen or heard outside of the courtroom, is not evidence. These items must be entirely disregarded.

Statements or answers that were stricken by the Court or which you were instructed to disregard are not evidence and likewise they must be treated as though you had never heard them.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider that assertion, alone, as evidence of that fact. The lawyers' questions and statements are not evidence.

Charts and summaries prepared by a party and admitted into evidence are received for the purpose of explaining facts disclosed by testimony and other documents that are in evidence. However, such summaries or charts are not in and of themselves proof of any facts. If you find

that such charts or summaries do not correctly reflect facts or figures shown by the evidence in

the case, you may disregard them.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015)

Plaintiff's Requested Jury Instruction No. 8

**DIRECT AND CIRCUMSTANTIAL EVIDENCE:**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case–direct evidence and circumstantial evidence.

Direct evidence is testimony given by a witness who has seen or heard the facts to which he or she testifies. It includes exhibits admitted into evidence during the trial.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people. For example, if you did not see it snow at night, the presence of snow on the ground in the morning is circumstantial evidence that it snowed the night before.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the applicable burden of proof.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015)

Plaintiff's Requested Jury Instruction No. 9

**TRANSCRIPT OF RECORDED CONVERSATION:**

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence [as Exhibit ———] was shown to you. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript [as Exhibit ———] for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

Authority:   Fifth Circuit Pattern Jury Instructions, §2.14.

Plaintiff's Requested Jury Instruction No. 10

**NOTES:**

You must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult. Your memory should be your greatest asset when it comes to deciding this case.

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You must keep your notes to yourself.  When you retire to the jury room to decide the case, only you may review your notes.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 11

**OBJECTIONS AND RULINGS:**

During the trial, I was sometimes called upon to determine questions of law and to decide whether certain matters could be presented to you under the law. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believes is not properly admissible. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or her or his client because the attorney has made objections.

When the lawyers came up to talk to me out of your hearing, this was done in order to permit me to decide questions of law. Those conversations were out of your hearing to prevent issues of law, which I must decide, from becoming mixed up with issues of fact, which you must decide. We were not trying to keep secrets from you.

No ruling or remark that I made at any time during the trial was intended or should be considered by you to indicate my opinion as to the facts. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I believe should win or lose the case.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 12

**WITNESSES:**

The law recognizes only two categories of witnesses, those called "lay" witnesses and those called "expert" witnesses. Lay witnesses are only permitted to testify as to their observations. Expert witnesses are permitted to express opinions. There were no expert witnesses in this case.

Normally a lay witness may not express an opinion. However, a person who had an opportunity to observe is permitted to express an opinion as to the matter at issue. In determining the value of such opinions, you will consider the opportunity that such witness had to observe the facts and his or her knowledge of, and experience on the subject. In addition, you will apply the usual rules of testing credibility and determining the weight to be given to the testimony.

During the trial, I may have sometimes asked a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 13

**CREDIBILITY OF WITNESSES:**

In your efforts to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  In simple terms, you must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified.  Remember the responses to questions, assurance or lack of it in answering, the entire demeanor or appearance while on the witness stand and the witness's opportunity and ability to see or hear or know the things the witness testified about.  Consider also any relation that a witness may bear to either side of the case, his or her reasons for testifying, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality he or she may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony the exhibits admitted into evidence support or contradict.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details. Also, note that a given individual rarely, if ever, describes the same incident twice in the same minute details.

In your daily life, you are constantly determining who is worthy of belief and who is not. In this case, employ the same tests in determining who is worthy of belief and who is not. Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that a witness has been discredited as to a part of his or her testimony, you may give the balance of her or his testimony such credence, such belief, if any, that you believe it deserves.

---

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 14

**IMPEACHMENT:**

A witness may be discredited or impeached by contradictory evidence or evidence that at some other time the witness has said or done something, or has failed to do something that is inconsistent with the witness' present testimony.

If you believe that a witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 15

**IMPEACHMENT: PRIOR INCONSISTENT STATEMENTS:**

Evidence that at some other time a party in this case made a prior statement which was not under oath, where the earlier statement is inconsistent with the party's testimony at this trial, may be considered both as evidence or proof of the truth of any such earlier statement, as well as for purposes of judging the credibility of the person as a witness.

Evidence that at some other time a witness, who is not a party in this case, made a prior statement which was not under oath, where the earlier statement is inconsistent with the witness' testimony at this trial, may be only considered for purposes of judging the credibility of the person as a witness.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 16

**NUMBER OF WITNESSES:**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and what evidence appeal to your minds as being most accurate and otherwise trustworthy.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 17

**EXHIBITS:**

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, the exhibits should receive in the light of all the evidence.

As indicated earlier, you must consider, among other things, all exhibits received in evidence, regardless of who may have produced them. Therefore, you are to attach no significance, whatsoever, to the fact that a given item of evidence has been admitted as the plaintiff's exhibit as opposed to the defendants' exhibit. Conversely, you are to attach no significance, whatsoever, to the fact that a given item of evidence has been admitted as the defendants' exhibit rather than the plaintiff's exhibit. Finally, you are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as a joint exhibit.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 18

**LIABILITY DIRECTED:**

You are instructed that the City of Moraine violated the Age Discrimination in Employment Act and the Genetic Information Non-Discrimination Act and discriminated against David Lee and you are instructed that this discrimination proximately caused David Lee some damage. The first issue you will decide is an amount that will compensate David Lee for this damage.

You may award damages for any pain, suffering or mental anguish that plaintiff [name] experienced as a consequence of defendant's [allegedly unlawful act]. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

Authority: 1-CV 311 Ohio Jury Instructions 311.05

Plaintiff's Requested Jury Instruction No. 19

**OVERVIEW OF DAMAGES:**

You must determine an amount that is fair compensation for Plaintiff David Lee's damages.  You may award compensatory damages only for injuries Plaintiff David Lee proves were caused by Defendant City of Moraine's wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

In determining the amount of any damages you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require Plaintiff David Lee prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

David Lee may be entitled to damages in the form of front pay, back pay and/or compensatory damages. You must also determine whether the City of Moraine "willfully" violated the ADEA.  Each must be proved by Plaintiff by a preponderance of the evidence.

Authority: *Federal Jury Practice and Instructions*, O'Malley, Grenig, & Lee, §171.90 (2014).

23

Plaintiff's Requested Jury Instruction No. 20

**DAMAGES - BACK PAY:**

Back pay is the wages and benefits David Lee lost as a result of the City of Moraine's discrimination, if any. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of the firing of David Lee to the present. You may include all forms of compensation that David Lee proved that he would have earned, but for the termination of his employment, including salary, bonuses, vacation pay, pension, health insurance and any increases in wages or benefits that were lost because of the termination of his employment. Any wages and benefits that David Lee has received from other employment during the time between when his employment was terminated and the present are to be subtracted from the wages and benefits that David Lee would have received from the City of Moraine.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 21

**DAMAGES - FRONT PAY:**

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits Plaintiff David Lee would have earned had he not been discriminated against for the period from the date of your verdict until the date when he would have voluntarily resigned, retired, or obtained other employment.

You should consider the following when determining front pay:

David Lee's prospects for another similar job;

the length of time that it should take David Lee to get such a job; and

the number of years remaining before David Lee would most probably retire.

Front pay does not include the wages and benefits that you believe would be received by David Lee from sources other than the City of Moraine. Front pay is reduced to its present value by considering the interest David Lee could earn on the amount of the front pay if David Lee had made a relatively risk-free investment.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015); *Federal Jury Practice and Instructions*, O'Malley, Grenig, & Lee, §171.92 (2014).

25

Plaintiff's Requested Jury Instruction No. 22

**DAMAGES – COMPENSATORY DAMAGES:**

You must award David Lee such damages as will reasonably compensate him for losses that you find from a preponderance of the evidence in the case were sustained as a proximate result of a the City of Moraine's discrimination.

**Authorities:** *Federal Jury Practice and Instructions*, O'Malley, Grenig, & Lee, §171.90 (2014).

Plaintiff's Requested Jury Instruction No. 23

**WILLFUL VIOLATION:**

An ADEA violation is considered willful if the employer knew that its action was a violation of the law or acted in reckless disregard of that fact.  Reckless disregard means a failure to make adequate inquiry into whether conduct is in compliance with the law. Conduct is not willful if the employer acted in good faith and had reasonable grounds to believe its decision would not violate the law.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 24

**INTERROGATORIES:**

You will have with you in the jury room certain interrogatories or questions. Each applicable interrogatory or question must represent the considered judgment of every juror.  In order to return the answers to the applicable interrogatories or questions, you must fill out and all sign each such applicable interrogatory or question in ink.  All answers to each applicable interrogatory or question must be unanimous.  The interrogatories or questions must be considered in the exact order indicated. Begin with Interrogatory #1 and the instructions on where to proceed from there are at the bottom of Interrogatory #1 and each succeeding interrogatory.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 25

**NO RECOMMENDED ANSWERS TO INTERROGATORIES:**

Nothing that the Court has said in these instructions and nothing in the manner in which the interrogatories or questions have been prepared or explained to you is intended to suggest or to convey in any way a result the Court thinks you should reach.

The answers to the applicable interrogatories or questions are the exclusive duty and responsibility of the jury. I state to you that the Court has no opinion as to the facts of this case, the legal responsibility, or lack of legal responsibility, of the Parties, or the propriety of any answers to interrogatories or questions which you might return.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

29

Plaintiff's Requested Jury Instruction No. 26

**INTERROGATORIES:**

I am now going to read the interrogatories that you will be given.

**(read interrogatories here)**

In addition to the interrogatories, you will be given verdict forms for each of the parties. I am now going to read the verdict forms that you will be given. The interrogatories will direct you to the verdict forms.

**(read verdict forms here)**

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 27

**DUTY IN DELIBERATING:**

Any interrogatory you answer and any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret and you will never be required to explain your answers to the interrogatories or your verdict to anyone.

It is your duty, to confer with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion, if you are convinced it is erroneous.

Do not take a firm position at the outset and then be too proud to change your position. However, do not surrender your honest conclusion as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning answers to interrogatories.

Remember always that you are not partisans. You are judges, impartial triers of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

Plaintiff's Requested Jury Instruction No. 28

**CLOSING REMARKS:**

The Court cannot embody all of the law in any single part of these instructions.  In considering one portion of these instructions, you must consider it in the light of and in harmony with all the instructions.

The Court has instructed you on all of the law necessary for your deliberations.  Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts.  If you have an impression that the Court indicated how any disputed fact should be decided, you must put such impression aside because only you determine such matters.

Circumstances in this case may arouse sympathy for one party or the other. Sympathy is a common human emotion. The law does not expect you to be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

You must not be influenced by any consideration of sympathy or prejudice. It is your sworn duty to weigh the evidence, to decide the disputed questions of fact, to apply these instructions of law to your findings and to render your verdict accordingly. Your duty as jurors is to arrive at a fair and just verdict.

The Court will place in your possession the exhibits, the interrogatories and verdict forms and copies of these instructions.  Should you have any questions concerning the nature of these instructions which cannot be resolved by reading them over in the privacy of the jury room, you may send a note out to the Court.  Ms. Penski will explain to you the method by which you can contact her.

Upon retiring to the jury room, you will select one of your number to act as a foreperson. The foreperson will retain possession of these records and return them to the courtroom. The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or her vote. The foreperson is also your spokesperson in Court. Otherwise, the authority of the foreperson is the same as that of any other juror. Under the Local Rules of this Court, no electronic device which might be used to record deliberations or communicate outside the jury room including wireless telephones, laptop computers, and beepers, may be taken into the jury room during jury deliberation. If you are in possession of any kind of electronic device that might be used to record deliberations or communicate outside the jury room, upon retiring to the jury room, you must surrender that device to the courtroom deputy who will secure the device until you have completed your deliberations.

Until your answers to the interrogatories and verdict forms are announced in open Court, you are not to disclose to anyone else, including to the Court and all Court personnel, the status of your deliberations or the nature of your answers. When you arrive at a unanimous answer to each applicable interrogatory and the verdict forms, you will notify Ms. Penski who will inform the Court. Do not give your interrogatories or verdict forms to anyone until we have reconvened in open Court.

Authority: *Stewart v. Kettering Health Network, et al.*, Case No. 3:12-CV-199 (February 15, 2015).

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 1**

Do you find that David Lee suffered damages in the form of backpay as a result of the City of Moraine's discrimination?

Yes _____                              No_____

If yes, what is the amount of David Lee's backpay damages?

$ _____

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 2**

Do you find that David Lee suffered damages in the form of frontpay as a result of the City of Moraine's discrimination?

Yes _____                                    No_____

If yes, what is the amount of David Lee's frontpay damages?

$ _____

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 3**

Do you find that David Lee suffered compensatory damages as a result of the City of Moraine's discrimination?

Yes _____ No_____

If yes, what is the amount of David Lee's compensatory damages?

$ _____

**PLAINTIFF'S PROPOSED JURY INTERROGATORY NO. 4**

Do you find that the City of Moraine's violation of the Age Discrimination in Employment Act was willful?

Yes _____                    No_____

37