**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAVID LEE, | : | CASE NO. 13-CV-00222 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| v. | : | |
| | | **DEFENDANT CITY OF MORAINE'S** |
| CITY OF MORAINE FIRE | : | **PROPOSED JURY INSTRUCTIONS AND** |
| DEPARTMENT, *et al.*, | | **INTERROGATORIES** |
| | : | |
| Defendants. | : | |
| | : | |

Now comes Defendant City of Moraine, by and through counsel, and respectfully submits its proposed jury instructions and interrogatories in this matter. Defendant's proposed jury instructions and interrogatories are attached hereto.

## TABLE OF CONTENTS

Page No.

MEMBERS OF THE JURY: ........................................................................................................... 3

FUNCTION OF THE JURY ........................................................................................................... 4

DESCRIPTION OF TRIAL PROCEEDINGS ............................................................................... 5

PREPONDERANCE OF EVIDENCE ............................................................................................ 6

EVIDENCE ...................................................................................................................................... 7

TYPES OF EVIDENCE .................................................................................................................. 9

CREDIBILITY ............................................................................................................................... 10

EXPERT OPINION TESTIMONY ............................................................................................... 11

CAUTIONARY INSTRUCTION ON DAMAGES ...................................................................... 12

DAMAGES—PROOF .................................................................................................................... 13

DAMAGES FOR GINA CLAIM ................................................................................. 14

DAMAGES FOR ADEA CLAIM ............................................................................... 15

BACK PAY ................................................................................................................. 16

FRONT PAY ............................................................................................................... 17

DAMAGES – NOMINAL ........................................................................................... 18

ATTORNEY STATEMENT ON AMOUNT OF DAMAGES .................................... 19

WILLFULLNESS ....................................................................................................... 20

DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE ........ 21

ATTORNEY FEES ..................................................................................................... 22

DUTY TO DELIBERATE ........................................................................................... 23

INSTRUCTIONS ON DELIBERATION .................................................................... 24

DEFENDANTS PROPOSED JURY INTERROGATORY NO. 1 ............................... 25

DEFENDANTS PROPOSED JURY INTERROGATORY NO. 2 ............................... 26

DEFENDANTS PROPOSED JURY INTERROGATORY NO. 3 ............................... 27

Respectfully submitted,

SURDYK, DOWD & TURNER, CO., L.P.A.

/s/ Dawn M. Frick
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Joshua R. Schierloh (0078325)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333
(937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for the City of Moraine*

2

**PROPOSED JURY INSTRUCTION NO. 1**
**MEMBERS OF THE JURY:**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.  Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.  You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

*O'Malley, Grenig, Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, §103.01 (5th Ed. 2000).*

**PROPOSED JURY INSTRUCTION NO. 2**
**FUNCTION OF THE JURY**

Your function as jurors in this case is to determine the issues of fact presented by the claims of the plaintiff, David Lee, against the defendant, the City of Moraine.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  An entity such as the City is entitled to the same fair trial at your hands as a private individual.  All persons, including individuals and entities, stand equal before the law and are to be dealt with as equals in a court of justice.  Sympathy for any party or prejudice against any party should play no part in your deliberations or on your decision.

*Devitt & Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 71.03 (4th Ed. 1987).*

**PROPOSED JURY INSTRUCTION NO. 3**
**DESCRIPTION OF TRIAL PROCEEDINGS**

The trial will proceed in the following manner:

First, the attorney for David Lee will make an opening statement to you.  Next, an attorney for the City of Moraine may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements then each party is given an opportunity to present its evidence.  David Lee goes first because Mr. Lee has the burden of proof.  David Lee will present witnesses whom counsel for the City of Moraine may cross-examine, and David Lee may also present evidence.  Following Mr. Lee's case, the City of Moraine may present evidence.  Counsel for Mr. Lee may cross-examine witnesses for the defense.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  Once the closing arguments are completed, I will then instruct you on the law.  After that you will retire to the jury room to deliberate on your verdict in this case.


*Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, 2013.*

**PROPOSED JURY INSTRUCTION NO. 4**
**PREPONDERANCE OF EVIDENCE**

This is a civil case. David Lee is the party who brought this lawsuit. The City of Moraine is the party against which the lawsuit was filed. David Lee has the burden of proving his damages by what is called the preponderance of the evidence. That means David Lee has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to David Lee and the evidence favorable to the City of Moraine on opposite sides of the scales, David Lee would have to make the scales tip somewhat on his side. If David Lee fails to meet this burden, the verdict must be for the City of Moraine. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may or may not be identical with quantity or the greater number of witnesses or exhibits. If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Devitt & Blackmar, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 71.01 (4th Ed. 1987).*

6

## PROPOSED JURY INSTRUCTION NO. 5
### EVIDENCE

The evidence from which you are to find the facts consists of the following:

1.  The testimony of the witnesses;
2.  Documents and other things received as exhibits;
3.  Any facts that are stipulated--that is, formally agreed to by the parties; and
4.  Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.  Statements, arguments, and questions of the lawyers for the parties in this case;
2.  Objections by lawyers;
3.  Any testimony I tell you to disregard; and
4.  Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the

7

answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.  Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

*Model Civil Jury Instructions for the District Courts of the Third Circuit, 2010, Preliminary Instruction, 1.5- Evidence.*

**PROPOSED JURY INSTRUCTION NO. 6**
**TYPES OF EVIDENCE**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

*Model Civil Jury Instructions for the District Courts of the Third Circuit, 2010, Preliminary Instruction, 1.6- Types of Evidence.*

**PROPOSED JURY INSTRUCTION NO. 7**
**CREDIBILITY**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
(2)    the quality of the witness's understanding and memory;
(3)    the witness's manner while testifying;
(4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
(5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
(6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
(7)    any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Model Civil Jury Instructions for the District Courts of the Third Circuit, 2010, Preliminary Instruction, 1.7- Credibility.*

**PROPOSED JURY INSTRUCTION NO. 8**
**EXPERT OPINION TESTIMONY**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

*Fifth Circuit Pattern Jury Instructions-Civil (2006), 2.19 Expert Witnesses.*

11

**PROPOSED JURY INSTRUCTION NO. 9**
**CAUTIONARY INSTRUCTION ON DAMAGES**

The fact that I give you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, recover damages in this case.

*Fifth Circuit Pattern Jury Instructions-Civil (2006), 2.22 Cautionary Instruction on Damages.*

**PROPOSED JURY INSTRUCTION NO. 10**
DAMAGES—PROOF

David Lee has the burden of proving his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Ninth Circuit Manual of Model Civil Jury Instructions, §5.1 Damages – Proof; §5.2 Damages – Measure of Types of Damages.*

**PROPOSED JURY INSTRUCTION NO. 11**
**DAMAGES FOR GINA CLAIM**

This Court has already determined that the City of Moraine violated the Genetic Information Nondisclosure Act ("GINA") in that the City's agent did request genetic information from Mr. Lee.  As such you must determine whether the City of Moraine has caused Mr. Lee damages as a result of the violation, and if so, you must determine the amount, if any, of those damages.

1. You should consider the following elements of damages for the violation of GINA, and no others: (1) economic loss, if any, and (2) compensatory damages, if any, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.  Compensatory damages do not include backpay, or interest on backpay.

2. There is no exact standard for determining compensatory damages.  You are to determine an amount that will fairly compensate Mr. Lee for any injury he has sustained.  Do not include as compensatory damages back pay or interest on back pay and/or benefits.

*42 U.S.C. §1981a; 42 U.S.C.A. § 2000e-5 (West); 42 U.S.C. § 2000ff-6.*

**PROPOSED JURY INSTRUCTION NO. 12**
**DAMAGES FOR ADEA CLAIM**

In addition, this Court has already determined that the City of Moraine violated the Age Discrimination in Employment Act ("ADEA") by implementing a policy that required firefighters over the age of 40 to undergo certain physical tests not required of those under 40. As such you must determine whether the City of Moraine has caused Mr. Lee damages as a result of that violation, and if so, you must determine the amount, if any, of those damages. Mr. Lee cannot recover for emotional distress or pain and suffering under the ADEA.

*29 U.S.C. 626(b);* The ADEA does not provide for non-wage compensatory or punitive damages. *Naton v. Bank of California*, 649 F.2d 691, 698–99 (9th Cir.1981). *see also Comm'r v. Schleier*, 515 U.S. 323, 326 (1995) ("[T]he Courts of Appeals have unanimously held . . . that the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.").

**PROPOSED JURY INSTRUCTION NO. 13**
**BACK PAY**

In determining the amount of back pay to award, if any, you must remember that any back pay award would be intended to compensate Mr. Lee for actual loss of pay and benefits that he has already experienced as a result of the violation of the ADEA. This means that any award must be limited to an amount equal to the pay and benefits that Mr. Lee would have received from the City of Moraine had the discriminatory action not taken place minus the amount of earnings and benefits he has received or could have reasonably received from other employment.

*FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT § 3.11 (2009); Hawley v. Dresser Industries, Inc.*, 958 F.2d 720, 726 (6th Cir.1992); *Laugesen v. Acaconda Co.*, 510 F.2d 307, 317-18 (6th Cir.1975).

## PROPOSED JURY INSTRUCTION NO. 14
## FRONT PAY

An award for front pay compensates Mr. Lee for the loss of future wages and employee benefits that have been caused by the City of Moraine's discriminatory act.  Front pay is intended to be temporary in nature.  Mr. Lee has a duty to make reasonable efforts to obtain a new job of like kind, status, and pay.  Thus, you must limit any award of front pay to compensate only for the period of time you find will be necessary for Mr. Lee to obtain such a job if he makes a reasonable effort.

As with his back pay claim, Mr. Lee has a duty to make reasonable efforts to reduce his future pay losses.  That means that any award of front pay must be limited to the amount of pay that Mr. Lee would have received from the City of Moraine had the discriminatory action not taken place minus the amount of earnings and benefits that Mr. Lee will earn or reasonably could earn in other future employment.  An award of front pay cannot be speculative.  Damages are considered speculative when their existence is uncertain or when the proof is insufficient to enable you to make a fair and reasonable assessment of damages.  You must base a front pay award, if any, on evidence presented in this case.

*Ninth Circuit Manual of Model Civil Jury Instructions, §11.7A: Age Discimination – Damages – Back Pay – Front Pay – Mitigation; Arban v. West Pub. Corp.*, 345 F.3d 390, 405-07 (6th Cir.2003); *Jackson v. City of Cookeville*, 31 F.3d 1354, 1360-61 (6th Cir.1994); *Roush v. KFC Nat. Mgmt. Co.,* 10 F.3d 392, 399-400 (6th Cir.1993).

**PROPOSED JURY INSTRUCTION NO. 15**
**DAMAGES – NOMINAL**

The law which applies to this case authorizes an award of nominal damages.  If you find that David Lee has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

*Ninth Circuit Manual of Model Civil Jury Instructions, 5.6- Nominal Damages.  Grimes v. City of Fort Valley*, 773 F. Supp 1536, 1538 (1991).

**PROPOSED JURY INSTRUCTION NO. 16**
**ATTORNEY STATEMENT ON AMOUNT OF DAMAGES**

An attorney's statement to you of the amount of damages you should award Mr. Lee is not binding upon you.  It is not evidence; it is only a lawyer's statement.  It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate Mr. Lee for any damages he has sustained.  You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

*Section 1983 Litigation, Schwartz & Pratt, Jury Instructions, Instruction 18.01.3.*

## PROPOSED JURY INSTRUCTION NO. 17
## WILLFULNESS

You must determine if the City of Moraine's discriminatory act was willful.  Mr. Lee has the burden of proving willfulness by a preponderance of the evidence.  A defendant's conduct is willful if the defendant knew or showed reckless disregard for whether its discriminatory policy was prohibited by law.  However, it is not true that an employer who knowingly relies on age in reaching its decision invariably commits a knowing or reckless violation of the ADEA.  If an employer incorrectly, but in good faith and nonrecklessly, believes that the statute permits a particular age-based decision, then liquidated damages should not be imposed.

*Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1495 (9th Cir.1986); *McLaughlin v. Richland Shoe, Co.,* 486 U.S. 128, 135, n. 13, 108 S.Ct. 1677, 1682, n. 13 (1988).

**PROPOSED JURY INSTRUCTION NO. 18**
**DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages [will be incurred] [or] [would have been received].

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

*Ninth Circuit Manual of Model Civil Jury Instructions, § 5.4 – Damages Arising in Future – Discount to Present Cash Value.*

**PROPOSED JURY INSTRUCTION NO. 19**
**ATTORNEY FEES**

In assessing damages, you must not consider attorney fees or the costs of litigating this case.

Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

*Model Civil Jury Instructions for the District Courts of the Third Circuit*, Chapter 4, Section 4.8.1 (2010).

22

**PROPOSED JURY INSTRUCTION NO. 20**
**DUTY TO DELIBERATE**

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.  It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.  Remember, that in a very real way you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Eleventh District Pattern Jury Instruction 7.1, 2005.*

**PROPOSED JURY INSTRUCTION NO. 21**
**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you [this charge and] the exhibits that the  Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your  deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you  have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and  date the verdict form.  Unless I direct you  otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the Bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.   I will always first show the attorneys your question and my response before I answer your question.


*Fifth Circuit Pattern Jury Instructions, Civil (2006)- 2.12, Instructions on Deliberation.*

24

**DEFENDANTS PROPOSED JURY INTERROGATORY NO. 1**

Do you find that David Lee suffered damages as a result of the City of Moraine's violation of the Genetic Information Non-Disclosure Act ("GINA")?


Yes_____ No_____

If your answer to the foregoing is NO, proceed to Interrogatory No. 2.  If your answer to the foregoing is YES, answer the following.


What is the amount of damages that David Lee suffered?


Lost Back Pay                        _____


Lost Front Pay                        _____


Compensatory damages          _____


Proceed to Jury Interrogatory No. 2.

25

## DEFENDANTS PROPOSED JURY INTERROGATORY NO. 2

Do you find that David Lee suffered damages as a result of the City of Moraine's violation of the Age Discrimination in Employment Act ("ADEA")?


Yes____ No____


If your answer to the foregoing is NO, you are done.  If your answer to the foregoing is YES, answer the following and then proceed to Interrogatory No. 3.


What is the amount of damages that David Lee suffered?


Lost Back Pay                          _____


Lost Front Pay                         _____


Proceed to Interrogatory No. 3.

**DEFENDANTS PROPOSED JURY INTERROGATORY NO. 3**

Has Mr. Lee proven that the City of Moraine's violation of the Age Discrimination in Employment Act ("ADEA") was willful?

Yes_____ No_____

You are done.

Respectfully submitted,

SURDYK, DOWD & TURNER, CO., L.P.A.

/s/ Dawn M. Frick
Edward J. Dowd (0018681)
Dawn M. Frick (0069068)
Joshua R. Schierloh (0078325)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333
(937) 222-1970 (fax)
edowd@sdtlawyers.com
dfrick@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for the City of Moraine*